PRUITT TOOL & SUPPLY COMPANY,
a Corporation, Plaintiff,

v.

The Honorable George WINDHAM, Judge of
the District Court of the Sixteenth Judicial District, Oklahoma, Defendant.

No. 40277.

Supreme Court of Oklahoma.

March 12, 1963.

Arnote, Bratton & Allford, McAlester, for plaintiff.

Varner & Miller, Poteau, Hardin, Barton & Hardin, Fort Smith, Ark., for defendant.

JOHNSON, Justice.

This is an original application seeking from this court a writ of mandamus against the Judge of the District Court of the Sixteenth Judicial District commanding that court to dismiss cause No. 18,100, styled Mary Catherine Williams v. Pruitt Tool & Supply Co., under the doctrine of forum non conveniens.

The facts revealed by the record are that said action is one for the recovery of damages for personal injuries growing out of an automobile collision. The undisputed evidence discloses that the case was filed December 28, 1961, in the District Court of LeFlore County, Oklahoma; that the plaintiff is a citizen and resident of the State of Arkansas, living at Ft. Smith; that the defendant is an Arkansas corporation with its principal place of business at Ft. Smith, Arkansas; that the accident which occasioned the suit occurred in Logan County, Arkansas; that the highway patrolman, a witness in the case, is stationed at Paris, Arkansas; that the driver and occupant of the vehicle involved in the col-

lision are residents of Arkansas; that the operator of the wrecker attendant upon the collision is a resident of Arkansas, and six of the employees of defendant, witnesses in the cause, are residents of Ft. Smith, Arkansas; that all of the physicians who attended plaintiff are residents of Arkansas, and the hospital where plaintiff was treated is in Arkansas; that all of the nurses who attended plaintiff, and the medical charts in connection with plaintiff's injuries are all in Arkansas.

As opposed to the above, the respondent asserts there are two witnesses in LeFlore County, Oklahoma. The remaining witnesses mentioned by respondent, one in Lawton and one in Texas, would not be subject to process in either jurisdiction, LeFlore County, Oklahoma, or Arkansas.

It is frankly stated by respondent that: "Naturally, plaintiff and her attorneys made this selection because they felt this would be the most advantageous jurisdiction for the presentation of plaintiff's case." While we appreciate such candor, it furnishes no legal reason for sustaining respondent's position. In the case of St. Louis-San Francisco Railway Company v. Superior Court, Creek County, Okl., 290 P.2d 118, this court said:

"* * * The motivating reason for selecting Oklahoma rather than Missouri for the institution of this action was apparently the expectation of receiving a substantially higher verdict. As said by the Supreme Court of New Jersey, 'decent judicial administration could not tolerate that as a persuasive or even legitimate reason for burdening * * * communities with litigious controversies which arose elsewhere and should in all justice be tried there.' Gore v. United States Steel Corp., supra [15 N.J. 301, 104 A.2d 670]. In Tuck v. Pennsylvania R. Co., D.C.E.D. Pa., 122 F.Supp. 527, 529, the court in dealing with such question said:

" 'Plaintiff has countered merely with the suggestion of the possibility of a higher verdict in the present forum. In this connection, we cannot assume that juries in Trenton are any different than those in Philadelphia, or would be less likely to fairly and honestly appraise the life of this young man as to what it meant to his young widow and infant child, and more than that plaintiff cannot ask.' "

In addition to the facts outlined above, the record reveals an estimated additional cost of $2,000 to $2,500 in the defense of the cause to say nothing of the expense cast upon the State of Oklahoma in the disposition of a cause rightly triable in Arkansas.

We find no substantial difference between the case at bar and the Creek County case cited, supra. The facts therein, if anything, were stronger in favor of the respondent than here. There, the plaintiff had moved to Oklahoma after the accident, and the court in the first paragraph of the syllabus said:

"Where action was commenced by Missouri resident in Oklahoma for injuries resulting from accident on Missouri premises of defendant Missouri corporation, and all witnesses are residents of Missouri and cost to defendant of defending action in Oklahoma would greatly exceed cost of defending same action in Missouri, action should be dismissed under rule of forum non conveniens in absence of any valid and proper reason for having chosen this state as the forum for such action."

Upon the authority of such case the writ of mandamus is granted, and the respondent district judge is ordered and directed to dismiss cause No. 18,100 without prejudice.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., dissents.