## WILLIAM DAWDY, JR., Appellee, v. UNION PACIFIC RAILROAD COMPANY *et al.*, Appellants.

*Opinion filed August 21, 2003.—Rehearing denied September 29, 2003.*

168

RARICK, J., took no part.
KILBRIDE, J., dissenting.

Thomas E. Jones and Heath H. Hooks, of Belleville (Thompson Coburn, L.L.P., of counsel), for appellants.

Gail G. Renshaw and Richard J. Burke, of The Lakin Law Firm, P.C., of Wood River, for appellee.

Joseph E. Kolar and Beth R. Prager, of Baizer & Kolar, P.C., of Highland Park, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, William Dawdy, Jr., brought a personal injury action in the circuit court of Madison County against defendants, the Union Pacific Railroad Company and Rodney Riederer. Plaintiff sought damages for injuries sustained in a motor vehicle accident that occurred in Macoupin County. Defendants moved to transfer the action to Macoupin County under the doctrine of *forum non conveniens*. The circuit court denied the motion and the appellate court affirmed. No. 5—00—0293 (unpublished order under Supreme Court Rule 23).

We allowed defendants' petition for leave to appeal (177 Ill. 2d R. 315(a)). We now reverse the appellate and circuit courts and remand this cause to the circuit court of Madison County with directions to transfer the cause to Macoupin County.

## BACKGROUND

On the morning of May 20, 1997, plaintiff was driving a tractor westbound on Illinois Highway 108 in Macoupin County. At the same time, Riederer, acting within the scope of his employment with Union Pacific, was driving a truck eastbound on the same highway. The vehicles collided, causing plaintiff to be seriously injured.

On May 19, 1999, plaintiff filed a two-count complaint in the circuit court of Madison County. Count I alleged negligence in the operation of defendants' vehicle. Count II, addressed solely to Union Pacific, alleged that the railroad was negligent also for failing to train and supervise Riederer and for failing to ensure that vehicle attachments would not extend beyond the width of their vehicles when operated on public thoroughfares.

Defendants filed a motion to transfer venue from Madison County to adjacent Macoupin County under the doctrine of *forum non conveniens*. In their motion,

defendants alleged as follows. Plaintiff resides in Greene County. The action arose in Macoupin County. Riederer resides in Macoupin County. Union Pacific is a Delaware corporation with its principal place of business in Omaha, Nebraska. Union Pacific does business in Macoupin County. Of the 18 witnesses who may be called to testify at trial, most of them reside in or near Macoupin County, and none of them reside in Madison County. Also, the docket of the Madison County circuit court is more congested than that of the Macoupin County circuit court. Thus, according to defendants, Macoupin County would be the most convenient forum to try this case. Defendants argued that "this case has absolutely no connection whatsoever with Madison County, Illinois. There is no basis or reason for filing this case in this court other than 'forum shopping.' "

In his memorandum in opposition to defendants' motion to transfer venue, plaintiff argued that venue in Madison County is just as convenient as in Macoupin County. Plaintiff alleged as follows. Union Pacific operates a facility in Madison County. Of the 18 potential witnesses, 14 reside in neither Madison County nor Macoupin County and, accordingly, will be required to travel regardless of where the case is tried. The average additional miles required for the 18 potential witnesses to travel to Madison County rather than to Macoupin County is approximately 18 miles per witness. Most of the witnesses conduct business regularly in Madison County. Plaintiff's attorney resides in Madison County, and defendants' attorneys reside closer to Madison County than to Macoupin County. According to plaintiff, his choice of forum is entitled to deference and defendants failed to show that the factors in a *forum non conveniens* analysis strongly weigh in favor of transfer.

The circuit court of Madison County denied defendants' motion to transfer. Defendants appealed. Initially,

the appellate court reversed the circuit court's order and remanded the cause with directions to transfer venue to Macoupin County. However, on plaintiff's motion for rehearing, the appellate court vacated its decision and affirmed the circuit court's denial of defendant's motion to transfer venue. The appellate court held that, in light of this court's decision in *First American Bank v. Guerine*, 198 Ill. 2d 511 (2002), it was "compelled" to vacate its previous decision and issue a new decision affirming the circuit court's order denying defendants' motion to transfer venue to Macoupin County.

This court allowed defendants' petition for leave to appeal. 177 Ill. 2d R. 315(a). We subsequently granted the Illinois Trial Lawyers Association leave to submit an *amicus curiae* brief in support of plaintiff. 155 Ill. 2d R. 345.

## ANALYSIS

Defendants contend that the appellate court erred in affirming the circuit court's denial of defendants' motion to transfer venue. Defendants argue, *inter alia*, that Macoupin County, and not Madison County, is the most convenient forum to try this case.

### I. *Forum Non Conveniens*: Controlling Principles

The Illinois venue statute provides that an action must be commenced: (1) in the county of residence of any defendant who is joined in good faith, or (2) in the county in which the cause of action arose. 735 ILCS 5/2—101 (West 2000). If there exists more than one potential forum, the equitable doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 105 (1990); *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223 (1987). The doctrine is based on considerations of fundamental fairness and sensible and effective judicial administration. The doctrine allows

the court in which the action was filed to decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice. *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991); *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 365 (1983), quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973); see *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 842 (1947).

Although the *forum non conveniens* doctrine has a long history at common law, its general application crystallized following *Gulf Oil*. See *Guerine*, 198 Ill. 2d at 515; *Wieser*, 98 Ill. 2d at 365. Illinois courts employ the analytical framework of *Gulf Oil* in *forum non conveniens* cases. See, *e.g.*, *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 118-19 (1986) (collecting cases), quoting *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843; *People ex rel. Compagnie Nationale Air France v. Giliberto*, 74 Ill. 2d 90, 110-11 (1978), quoting *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843.

In *Gulf Oil*, the Court discussed private interest factors affecting the litigants and public interest factors affecting court administration. *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843. A court must balance the private and public interests in determining the appropriate forum in which the case should be tried. Private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. See *Cook v. General Electric Co.*, 146 Ill. 2d 548, 557 (1992); *Vinson*, 144 Ill. 2d at 310.

The relevant public interest factors include: the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection to the litigation; and the interest in having local controversies decided locally. *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843; see *Cook*, 146 Ill. 2d at 557; *Vinson*, 144 Ill. 2d at 311.

An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. A plaintiff's right to select the forum is substantial. Unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. *Griffith*, 136 Ill. 2d at 106, quoting *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 372-73 (1982), quoting *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843; *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 77 (1983) (collecting cases); see *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843. "This deference to plaintiff's choice of forum is commonly referred to as an unequal balancing test." *Wieser*, 98 Ill. 2d at 366.

However, the plaintiff's choice of forum is not entitled to the same weight or consideration in all cases. "When the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981). "Similarly, when the site of the accident or injury is chosen, the choice is convenient because the litigation has the aspect of being 'decided at home.' " *Guerine*, 198 Ill. 2d at 518; see *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 499-500 (1986). "When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the

trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper*, 454 U.S. at 256, 70 L. Ed. 2d at 436, 102 S. Ct. at 266; see *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278, 289 (1988); *Bland*, 116 Ill. 2d at 227-28 (collecting cases). Indeed, as a panel of our appellate court has observed:

> "[W]hen the plaintiff is foreign to the forum chosen and the action that gives rise to the litigation did not occur in the chosen forum, this assumption [of convenience] is no longer reasonable. Instead, it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." *Certain Underwriters at Lloyds, London v. Illinois Central R.R. Co.*, 329 Ill. App. 3d 189, 196 (2002).

We agree.

Courts have long acknowledged the existence of forum shopping:

> " '[A]ll choices of tribunal are commonly used by all plaintiffs to get away from judges who are considered to be unsympathetic, and to get before those who are considered more favorable; to get away from juries thought to be small-minded in the matter of verdicts, and to get to those thought to be generous; to escape courts whose procedures are burdensome to the plaintiff, and to seek out courts whose procedures make the going easy.'
>
> We would add that ordinarily plaintiffs' zeal in those respects is matched only by defendants' efforts in seeking to avoid such fora." *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981), quoting *Miles v. Illinois Central R.R. Co.*, 315 U.S. 698, 707, 86 L. Ed. 1129, 1135, 62 S. Ct. 827, 832 (1942) (Jackson, J., concurring).

This court has acknowledged that a plaintiff, in choosing a forum, might shop for the most favorable forum. *Wieser*, 98 Ill. 2d at 368; *Espinosa*, 86 Ill. 2d at 123.

However, courts have never favored forum shopping:

> " 'The judiciary has never favored this sort of shopping for a forum. It has sought to protect its own good name as well as to protect defendants *** against the practice of

seeking out soft spots in the judicial system in which to bring particular kinds of litigation. But the judges with lawyerly indirection have not avowed the interest of the judiciary in orderly resort to the courts as a basis for their decision, and have cast their protective doctrines in terms of sheltering defendants against vexatious and harassing suits. This judicial treatment of the subject of venue leads Congress and the parties to think of the choice of a forum as a private matter between litigants, and in cases like the pressent [*sic*] obscures the public interest in venue practices ***.' " *Espinosa*, 86 Ill. 2d at 122-23, quoting *Miles*, 315 U.S. at 706, 86 L. Ed. at 1135, 62 S. Ct. at 831-32 (Jackson, J., concurring).

Accordingly, while courts acknowledge that plaintiffs forum shop, courts may not consider this practice in a *forum non conveniens* analysis. *Wieser*, 98 Ill. 2d at 368; *Espinosa*, 86 Ill. 2d at 123. By itself, forum shopping "furnishes no legal reason for sustaining" a plaintiff's choice of forum. *Pruitt Tool & Supply Co. v. Windham*, 379 P.2d 849, 850 (Okla. 1963). " ' "[D]ecent judicial administration could not tolerate [forum shopping] as a persuasive or even legitimate reason for burdening *** communities with litigious controversies which arose elsewhere and should in all justice be tried there." ' " *Pruitt Tool*, 379 P.2d at 850, quoting *St. Louis—San Francisco Ry. Co. v. Superior Court, Creek County*, 290 P.2d 118, 121 (1955). A plaintiff's right to choose a forum "cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system." *Espinosa*, 86 Ill. 2d at 123.

In *Griffith*, this court explained the *forum non conveniens* unequal balancing test when the plaintiff chooses a foreign forum:

"Under our current *forum non conveniens* analysis, deference to the plaintiff's choice of forum is but one factor, along with other relevant private and public interest factors, to be considered in the balancing process. The deference given to plaintiff's choice of forum is a factor which

may be given more or less weight within the test, depending on whether the plaintiff is a resident of the forum selected. In deciding a *forum non conveniens* motion, a court is to take all the relevant factors into account, giving each factor, including plaintiff's choice of forum, proper deference or weight under the circumstances. If the plaintiff is foreign to the forum selected, the forum choice should be given less deference than it would be given if the plaintiff were a resident of the forum selected. The test, then, is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant.

By giving plaintiff's choice of forum more or less weight within the formula, the current test takes into account the plaintiff's status as a resident or a nonresident of the forum chosen. We are satisfied that the current test ensures that a nonresident plaintiff's choice of forum will not be accorded undue deference ***." *Griffith*, 136 Ill. 2d at 107-08.

"If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Piper*, 454 U.S. at 249-50, 70 L. Ed. 2d at 432, 102 S. Ct. at 263; see *Guerine*, 198 Ill. 2d at 518; *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336-37 (1994); *Bland*, 116 Ill. 2d at 227.

*Forum non conveniens* is applicable on an intrastate as well as on an interstate basis. In other words, the doctrine may be applied where the choice is between forums in the same state as well as when the choice is between forums in different states. The same considerations of convenience and fairness apply in deciding the question of the forum for trial. *Guerine*, 198 Ill. 2d at 517; *Bland*, 116 Ill. 2d at 224; *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 119 (1986); *Torres v. Walsh*, 98 Ill. 2d 338, 350-51 (1983); see *Peile*, 163 Ill. 2d at 330-36 (upholding intrastate application of *forum non conveniens*).

The determination of a *forum non conveniens* motion lies within the sound discretion of the trial court. On

review, the trial court's decision will be reversed only if it can be shown that the court abused its discretion in balancing the relevant factors. *Bland*, 116 Ill. 2d at 223; *Meyers*, 113 Ill. 2d at 117-18 (collecting cases); *Wieser*, 98 Ill. 2d at 365. An abuse of discretion will be found where no reasonable person would take the view adopted by the trial court. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997); see *People v. Illgen*, 145 Ill. 2d 353, 364 (1991); *In re Possession & Control of the Commissioner of Banks & Real Estate of Independent Trust Corp.*, 327 Ill. App. 3d 441, 476 (2001).

## II. The Present Case

Applying the *forum non conveniens* factors to this case, we conclude that the circuit court abused its discretion in denying defendants' motion to transfer to Macoupin County. Although we acknowledge plaintiff's right to choose the forum, we conclude, after considering the record, that the factors weigh strongly in favor of transfer. See *Griffith*, 136 Ill. 2d at 106. The record strongly indicates that a trial in Macoupin County would better serve the convenience of the parties and the ends of justice. See *Bland*, 116 Ill. 2d at 223.

Turning to the private interest factors, we begin by examining the facts regarding the relative ease of access to evidence. We note plaintiff's argument that we may not consider mileage distances because this information was not part of the record. "However, an appellate court may take judicial notice of matters not previously presented to the trial court when the matters are capable of instant and unquestionable demonstration." *Boston v. Rockford Memorial Hospital*, 140 Ill. App. 3d 969, 972 (1986), citing *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976). "Courts often take judicial cognizance of the distances between two or more locations *** and the customary routes and usual time required for travel between them." 1 C. Fish-

man, Jones on Evidence § 2:56, at 120 (7th ed. 1992); accord M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 202.2, at 60 (7th ed. 1999); 1 R. Steigmann, Illinois Evidence Manual § 2:21 (3d ed. 1995); see, *e.g.*, *City of Chicago v. Waters*, 363 Ill. 125, 131 (1936).

In the present case, the accident occurred in Macoupin County. Although only two of the potential witnesses actually reside in Macoupin County, most of the potential 18 witnesses identified by defendant reside closer to Macoupin County than Madison County. Although two of the potential witnesses work at the Illinois State Police headquarters in Collinsville, part of which is in Madison County, none of the potential witnesses reside in Madison County. Four out of the ten medical providers are located in Macoupin County or adjacent Greene County. The remaining six medical providers are located in either Sangamon County or Macon County, both of which are closer to Macoupin County than to Madison County. Because the location of the accident is in Macoupin County, and the locations of the identified witnesses are on a whole closer to Macoupin County than Madison County, these factors slightly weigh in favor of the convenience of Macoupin County over Madison County.

Another private interest factor is the possibility of viewing the premises, if appropriate. The appellate court apparently gave this factor no weight. The court concluded: "although the accident occurred in Macoupin County, there is nothing in the record to indicate that a view of the accident site will be necessary."

This reasoning misses the mark. This convenience factor is not concerned with the *necessity* of viewing the site of the injury, but rather is concerned with the *possibility* of viewing the site, if appropriate. See *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843. Adher-

ing to *Gulf Oil*, this court has recognized that "the *possibility* of having a jury view the scene of an accident is an important consideration in ruling upon a *forum non conveniens* motion." (Emphasis added.) *Moore*, 99 Ill. 2d at 80. Further, the necessity or propriety of viewing the scene is a decision left within the discretion of the trial court. See *Cook*, 146 Ill. 2d at 559; *Washington*, 144 Ill. 2d at 403.

In this case, if the trial court later determines that viewing the accident site is appropriate, the accident occurred in Macoupin County. Although Macoupin County adjoins Madison County, it would be irrational for a jury composed of Madison County residents to travel to Macoupin County to view the accident scene. See, *e.g.*, *Vinson*, 144 Ill. 2d at 312-13. Further, such viewing arguably could be accomplished more expeditiously if the case were tried in Macoupin County. See, *e.g.*, *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 296 (1995).

We next weigh all other practical considerations that make a trial easy, expeditious, and inexpensive. Plaintiff observes that his attorneys maintain an office in Madison County, and defendants' attorneys are located only a short distance away in neighboring St. Clair County. While a court may consider this factor, "little weight should be accorded it." *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 534 (1991).

Also, according to plaintiff, "the fact that Macoupin County adjoins Madison County must be taken into consideration in the analysis. Where the distance is so minimal, it becomes incredulous to argue inconvenience in the county chosen by Plaintiff." He asserts that "because the two counties are adjoining any difference in mileage would be insignificant for purposes of determining convenience."

We note that *amicus* "[s]upports the Plaintiff's position that the trial court did not abuse its discretion in

keeping the case in Madison County." *Amicus* additionally contends "that on a motion to transfer between adjacent counties, the private interest 'convenience' factors should conclusively be weighed in plaintiff's favor." *Amicus* observes that "[t]he doctrine of *forum non conveniens* concerns convenience at trial" and posits that "travel between adjacent counties is common and not inconvenient." Therefore, according to *amicus*, trial in an adjacent county is not inconvenient to a defendant as a matter of law.

We cannot accept the contention that trial in an adjacent county is conclusively not inconvenient for a defendant. In upholding denials of *forum non conveniens* motions to transfer venue, this court has observed that the forums chosen by plaintiffs and those suggested by defendants were located in adjacent counties. See, *e.g.*, *Griffith*, 136 Ill. 2d at 113. However, this court has repeatedly recognized that no single *forum non conveniens* factor should be accorded central emphasis or conclusive effect. *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 373 (1982). "Mileage is but one factor of convenience. 'If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable.' " *Bland*, 116 Ill. 2d at 227, quoting *Piper*, 454 U.S. at 249-50, 70 L. Ed. 2d at 432, 102 S. Ct. at 263. Illinois courts have transferred venue to adjacent counties based on *forum non conveniens*. See, *e.g.*, *Washington*, 144 Ill. 2d at 404 (Madison County to Bond County); *Evans*, 275 Ill. App. 3d at 298 (Cook County to Will County).

On the whole, we conclude that the private interest factors favor the convenience of Macoupin County over Madison County.

The relevant public interest factors include judicial administration and court congestion, imposing jury duty on the residents of a community unrelated to the litiga-

tion, and the local interest in local controversies. See *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843. The public interest factors strongly weigh against Madison County as the appropriate forum in which this case should be tried.

The court congestion factor, by itself, is relatively insignificant (*Guerine*, 198 Ill. 2d at 517; *Peile*, 163 Ill. 2d at 342-43) and is not sufficient to justify transfer of venue when none of the other relevant factors weigh strongly in favor of transfer. *Griffith*, 136 Ill. 2d at 114. Nonetheless, this court has repeatedly recognized that it is appropriate to consider the congested conditions of the docket in the plaintiff's chosen forum. *Bland*, 116 Ill. 2d at 229; *Wieser*, 98 Ill. 2d at 372-73 (and cases cited therein).

This court has found the annual report of the Administrative Office of the Illinois Courts (Annual Report) to be a proper reference in assessing court congestion. This court has already taken notice of Madison County's congested court docket. See *Washington*, 144 Ill. 2d at 403.

Plaintiff does not dispute that the docket of the Madison County circuit court is more congested than that of Macoupin County. Indeed, he cannot. The Annual Report for 1998 reveals that there were 1,867 jury actions for damages in excess of $50,000 pending in Madison County, while only 137 of such cases were pending in Macoupin County. Further, in such cases, the average time lapse between filing and verdict in Madison County was 29.3 months, but only 17.3 months—one year less—in Macoupin County. These statistics demonstrate that the docket of the circuit court of Madison County, through the time that plaintiff filed his complaint, continued to be "crowded to the point where congestion is of great concern." *Bland*, 116 Ill. 2d at 230.

Another public interest factor concerns the local

interest in local controversies. The appellate court reasoned as follows: "the accident occurred in Macoupin County, and defendant Riederer is a resident of said county. However, the facts also demonstrate that Madison County has a legitimate interest in this case because defendant Union Pacific conducts business in Madison County." Plaintiff additionally points to the fact that Riederer maintains a post office box in Madison County and travels there "nearly daily for his mail."

This reasoning is erroneous. Merely conducting business, or maintaining a post office box, in Madison County does not affect the *forum non conveniens* issue. It is assumed on a *forum non conveniens* motion that the plaintiff's chosen forum is a proper venue for the action. If defendant Union Pacific did no business in Madison County, that county would have been an improper venue for the case. See 735 ILCS 5/2—101 (West 2000) (action must be commenced in county of residence of a defendant or the county where the action arose); 735 ILCS 5/2—102(a) (West 2000) (foreign corporation is only resident of those counties in which it has an office or does business). Accordingly, the fact that the defendant conducts business within Madison County is not a dispositive factor in this case. A *forum non conveniens* motion causes a court to look beyond the criteria of venue when it considers the relative convenience of a forum. See *Vinson,* 144 Ill. 2d at 311; *Bland,* 116 Ill. 2d at 226. If the fact that the defendant conducts business, or maintains a post office box, in the plaintiff's chosen forum were dispositive, the *forum non conveniens* "doctrine itself would be entirely vitiated, and no transfer would ever be obtained. Rather, plaintiff's choice would be elevated to the stature of a dispositive consideration, which is patently not to be allowed." *Franklin v. FMC Corp.,* 150 Ill. App. 3d 343, 347 (1986); accord *Evans,* 275 Ill. App. 3d at 296-97 (collecting cases).

Turning to the *relevant* facts, the accident occurred in Macoupin County and not Madison County. Neither plaintiff nor Riederer resides in Madison County. Although some of the witnesses may work in Madison County, there is little else connecting them to Madison County. Clearly, Madison County has little or no interest in trying the action of a nonresident whose claim arose in Macoupin County.

Conversely, unlike Madison County, Macoupin County has a strong connection with and interest in this action. In addition to Riederer, some of the witnesses reside in Macoupin County. Most significantly, the fact that the accident occurred in Macoupin County gives the action a local interest. See *Guerine*, 198 Ill. 2d at 518; *Washington*, 144 Ill. 2d at 403; *Bland*, 116 Ill. 2d at 229.

Addressing the public interest factor of jury duty, we conclude that the residents of Madison County should not be burdened with jury duty given the fact that the action did not arise in, and has no relation to, their county. See *Washington*, 144 Ill. 2d at 404; *Vinson*, 144 Ill. 2d at 313. Rather, the accident occurred in Macoupin County. This gives Macoupin County a significant interest in the dispute and, therefore, it would not be unfair to burden the residents thereof with jury duty in this case. *Cook*, 146 Ill. 2d at 558-59.

As we noted earlier, the appellate court ultimately held that, in light of our decision in *Guerine*, it was "compelled" to affirm the circuit court's denial of defendant's motion to transfer venue to Macoupin County. However, *Guerine* is readily distinguishable from this case.

In *Guerine*, we concluded that the balance of the *forum non conveniens* factors did not strongly favor transfer from the plaintiff's chosen forum. We held that where the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum,

and no single county enjoys a predominant connection to the litigation, the plaintiff may not be deprived of his or her chosen forum. *Guerine*, 198 Ill. 2d at 526. Plaintiff conceded at oral argument that *Guerine* was based on the totality of the circumstances of that case and did not alter *forum non conveniens* principles in Illinois.

In this case, however, none of the witnesses reside in Madison County and Macoupin County has a predominant connection to this case. The sole fact that one defendant maintains a post office box in Madison County does not give Madison County a legitimate interest in or connection to this case.

Further, nothing in *Guerine* can be read to condone forum shopping. In *Guerine*, we observed that "[a] concern animating our *forum non conveniens* jurisprudence is curtailing forum shopping by plaintiffs." *Guerine*, 198 Ill. 2d at 521, citing *Torres*, 98 Ill. 2d at 351. As our appellate court has observed:

> "An integral part of the *forum non conveniens* analysis is fairness to the litigants and convenience to those that will be called to testify at trial. Realigning parties for the purpose of fixing venue in a county where there may be a more favorable outcome to plaintiffs does not reinforce or complement the principles of *forum non conveniens*. Instead, it perverts them." *Certain Underwriters*, 329 Ill. App. 3d at 199.

We agree. See *Torres*, 98 Ill. 2d at 351.

In the present case, the weight of the private interest factors favors Macoupin County. The weight of the public interest factors greatly favors Macoupin County. Further, the deference to plaintiff's choice of Madison County is reduced because he does not reside there and the action did not arise there. Considering all relevant private and public interests, we conclude that the balance of factors strongly favors transfer to Macoupin County. This determination rested within the discretion of the circuit court, subject to reversal only upon a showing of abuse,

*i.e.*, that no reasonable person would take the circuit court's position. See, *e.g.*, *Bland*, 116 Ill. 2d at 223; *Schwartz*, 177 Ill. 2d at 176. We conclude that this standard was met in this case. Accordingly, we hold that the circuit court abused its discretion in denying defendants' motion to transfer venue from Madison County to Macoupin County based on the doctrine of *forum non conveniens*.

### III. Remaining Contentions

We note defendants' additional contention that the circuit court's denial of their motion to transfer venue violates various federal and state constitutional provisions. However, our reversal of the circuit court on *forum non conveniens* grounds obviates discussion of defendants' constitutional claim. See *Beahringer v. Page*, 204 Ill. 2d 363, 369-70, 378 (2003); *City of Detroit v. Gould*, 12 Ill. 2d 297, 304 (1957) (both holding that constitutional questions will not be decided if case can be determined on other grounds).

### CONCLUSION

For the foregoing reasons, the judgment of the appellate court and the order of the circuit court of Madison County are reversed, and the cause is remanded to the circuit court of Madison County with directions to transfer the cause to Macoupin County.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*

JUSTICE RARICK took no part in the consideration or decision of this case.

JUSTICE KILBRIDE, dissenting:
I respectfully dissent from the majority opinion. The majority flatly disregards this court's repeated pro-

nouncements that the *forum non conveniens* doctrine gives courts *broad* discretionary power that should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum. *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 527-28 (1991), citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223 (1987); *First American Bank v. Guerine*, 198 Ill. 2d 511, 520 (2002), quoting *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335 (1994), quoting *Torres v. Walsh*, 98 Ill. 2d 338, 346 (1983), citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947). This case does not present a situation where, as indicated by the majority, "[t]he record *strongly* indicates that a trial in Macoupin County would better serve the convenience of the parties and the ends of justice" and "no reasonable person would take the view adopted by the trial court." (Emphasis added.) 207 Ill. 2d at 177. The trial court noted all of the relevant factors, assessed their relative importance under the circumstances of this case, and concluded that a transfer was not warranted. Thus, it cannot be held that the trial court abused its discretion in refusing to transfer this case to Macoupin County.

The majority discounts that defendant Union Pacific, a foreign corporation, is a *resident* of Madison County for venue purposes. See 735 ILCS 5/2—102(a) (West 2000) (in the case of a foreign corporation, residence is defined as any county where the corporation has an office or is doing business). Union Pacific's contact with Madison County is not minimal or marginal. The record demonstrates that Union Pacific does not merely conduct business in Madison County, it operates a facility there and employs numerous citizens of Madison County, including some of the potential witnesses who work out of this facility.

I also disagree with the majority's conclusion that in a *forum non conveniens* analysis, the court should not

consider the fact that the defendant conducts business in Madison County. 207 Ill. 2d at 183. This court has held that the "extent and type of business" conducted in the forum are certainly appropriate considerations for the court in a *forum non conveniens* analysis. *Boner*, 142 Ill. 2d at 540. Thus, the majority's conclusion that the court should not consider the fact that Union Pacific conducts business in Madison County is inexplicable.

In *Boner*, this court recognized that, where a defendant company has offices and conducts active operations in a county, its activities in that county are "by no means marginal." *Boner*, 142 Ill. 2d at 540. Thus, when weighing the relative "convenience" of Madison County to the defendants, the fact that Union Pacific operates facilities in Madison County militates against finding the forum "inconvenient" to the defendants.

Certainly the residents of Madison County have an interest in the resolution of this litigation involving a corporation that operates facilities within its borders. Presumably, Union Pacific and its numerous Madison County resident employees pay taxes in Madison County. Hence, the county's resources would not be overburdened with the trial of a case involving the alleged negligence of one of its corporate residents. See *Boner*, 142 Ill. 2d at 540. Although plaintiff did not file suit in his home forum and, thus, his choice of forum is given less deference, his choice of forum is, nevertheless, still accorded considerable weight. *Boner*, 142 Ill. 2d at 542. This is especially true where, as here, the defendants' forum choice is neither plaintiff's home forum nor Union Pacific's home forum. See *Boner*, 142 Ill. 2d at 542.

It is also unfair and inaccurate for the majority to suggest that the plaintiff in this case has somehow engaged in " '[r]ealigning parties for the purpose of fixing venue in a county where there may be a more favorable outcome' " to him. 207 Ill. 2d at 167, quoting *Certain*

*Underwriters at Lloyds, London v. Illinois Central R.R. Co.,* 329 Ill. App. 3d 189, 199 (2002). The plaintiff in this case did not "realign the parties." Plaintiff was simply injured in an accident with a truck owned by Union Pacific, driven by a Union Pacific employee. Nor did plaintiff include Union Pacific as a defendant for any improper forum shopping purpose. Union Pacific is a necessary and indispensable party to this litigation. Not only was Union Pacific the owner of the truck and the employer of defendant Riederer, but plaintiff's complaint also specifically alleges that Union Pacific was negligent for failing to train and supervise Riederer and for failing to ensure that vehicle attachments would not extend beyond the width of its vehicles when operated on public thoroughfares.

I also acknowledge the majority's concerns regarding the number of cases filed in Madison County. Nevertheless, just as plaintiffs sometimes choose a forum because of a perceived advantage, some defendants move for dismissal or transfer under the doctrine of *forum non conveniens* not because of genuine concern with convenience but because they believe that an alternative forum would be more friendly to their interests. Accordingly, this court should be hesitant to supplant a trial court's *forum non conveniens* ruling where, as here, such a transfer will not " 'better "serve the convenience of the parties and the ends of justice." ' " *Wieser v. Missouri Pacific R.R. Co.,* 98 Ill. 2d 359, 365 (1983), quoting *Adkins v. Chicago Rock Island & Pacific R.R. Co.,* 54 Ill. 2d 511, 514 (1973), quoting *Lonergan v. Crucible Steel Co. of America,* 37 Ill. 2d 599, 606 (1967); accord *Vinson v. Allstate,* 144 Ill. 2d 306, 310 (1991); see *Gulf Oil Corp.,* 330 U.S. at 507, 91 L. Ed. at 1062, 67 S. Ct. at 842.

On a *forum non conveniens* motion, the burden is on the defendant to show that relevant private and public interest factors "strongly favor" the defendant's choice

of forum to warrant disturbing plaintiff's choice. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107 (1990). " 'In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not *greatly outweigh* the plaintiff's substantial right to try the case in the chosen forum.' " (Emphasis added.) *Guerine*, 198 Ill. 2d at 520, quoting *Peile*, 163 Ill. 2d at 335-36. Although this is a difficult standard for defendants to meet, "it does not foreclose *legitimate* transfers when the balance of factors *strongly* favors litigation in another forum." (Emphases added.) *Guerine*, 198 Ill. 2d at 521.

In this case, the existing record does not support defendants' claim that the trial court did not properly consider or apply the relevant *forum non conveniens* factors. Defendants have not produced a verbatim record of the proceedings. In ruling on a *forum non conveniens* motion, a court must engage in a fact-sensitive analysis. In *Guerine*, this court strongly cautioned that trial courts "give more careful consideration to *forum non conveniens* motions" and "leave a better record of their analyses" so that reviewing courts can make more informed decisions. *Guerine*, 198 Ill. 2d at 520-21. Implicit in this court's admonition was a directive that litigants provide the trial court with a record of the relevant factors, supported by facts and evidence, as opposed to supposition or conjecture, in support of or in opposition to the *forum non conveniens* motion. See *Gridley v. State Farm Mutual Automobile Insurance Co.*, 329 Ill. App. 3d 422, 425 (2002), *appeal allowed*, 201 Ill. 2d 566 (2002).

Here, no affidavits have been filed stating that Madison County would be an inconvenient forum for any of the witnesses. In fact, defendants' counsel would be required to travel from their office in St. Clair County through Madison County to try this case in Macoupin

County, and plaintiff's counsel maintains an office in Madison County. Other than generic and conclusory allegations regarding cost and inconvenience of bringing witnesses from adjacent counties to Madison County and perceived difficulties scheduling witnesses to testify at trial in a county with a busy court docket, defendants have not asserted facts indicating any actual impediments to accessing sources of testimonial, documentary, and real evidence.

None of defendants' arguments assert any real inconvenience to the defendants or any practical problems militating against trying this case in Madison County. Accordingly, there was sufficient evidence on the relevant interests to sustain the trial court's ruling. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (if the record is insufficient to support defendant's claim of error, then the reviewing court must presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis).

Nevertheless, the majority completely sidesteps this court's latest discussion of the *forum non conveniens* doctrine that occurred barely one year ago in *Guerine*. In *Guerine*, a Kane County resident was killed in an accident that occurred in De Kalb County. A lawsuit was filed in Cook County. One of the defendants was a Cook County resident, and the other defendant resided in Indiana, but would have to drive through Cook County to trial in either Kane or De Kalb County. The potential witnesses were scattered among several counties in the same area of the state, including Kane and De Kalb Counties, although several witnesses filed affidavits stating that they would be willing to travel to Cook County for trial. There was nothing in the record to indicate that a jury view of the accident site would be necessary. In determining that the trial court abused its discretion in granting the defendants' motion to transfer venue from

Cook County to De Kalb County, this court noted that both counties had significant ties to the case and potential witnesses were scattered among several counties, including the plaintiff's chosen forum. *Guerine*, 198 Ill. 2d at 526.

This case is factually indistinguishable from *Guerine*. In both cases, the accident did not occur in plaintiff's chosen forum, neither the plaintiff nor one of the defendants resided in plaintiff's chosen forum, and some of the witnesses lived or worked in plaintiff's chosen forum. In the instant case, like *Guerine*, both Madison and Macoupin County have significant ties to the case, and the potential witnesses are scattered throughout several counties in the same area of the state. The only distinguishing factors between these cases are that *Guerine* was filed in Cook County rather than Madison County, and plaintiff's chosen forum in *Guerine* happened to be the residence of the individual defendant rather than the residence of the corporate defendant. The majority in this case does not provide any reason to distinguish between the residence of an individual defendant and that of a corporate defendant. These minor differences alone do not justify a different result here.

In *Guerine*, this court acknowledged "the frustrating litigation quagmire created in the wake of *Torres v. Walsh*, 98 Ill. 2d 338 (1983), where we first applied the *forum non conveniens* doctrine to intrastate transfers" and, noting that Illinois *forum non conveniens* law is "less than clear," this court attempted to clarify the doctrine. *Guerine*, 198 Ill. 2d at 519, 526. Today's decision takes two steps backward. Not only does it cast doubt on the validity and applicability of *Guerine* to future cases, but it also further complicates and confuses an area of the law that is already "less than clear."

Since Madison County adjoins Macoupin County, I agree with plaintiff that it is incredulous for defendants

to argue inconvenience in the county chosen by plaintiff. When adjoining counties are involved, " ' "[t]he battle over the forum results in a battle over minutiae." ' " *Guerine*, 198 Ill. 2d at 519-20, quoting *Peile*, 163 Ill. 2d at 335, quoting *Peile*, 242 Ill. App. 3d at 522 (Lewis, J., specially concurring).

Macoupin County undoubtedly has an interest in deciding a controversy involving an accident that occurred within its borders. Nonetheless, Madison County also has a legitimate interest in deciding a controversy involving one of its residents, Union Pacific, a company that operates facilities there and employs numerous citizens of Madison County, including some potential witnesses.

Contrary to the majority view, transfer to Macoupin County is not required by the heavier court docket of Madison County, particularly when one of the defendants is a *resident* of Madison County. See *Guerine*, 198 Ill. 2d at 525. In taking notice of Madison County's congested court docket, the majority relies on *Bland*, 116 Ill. 2d at 230, *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991), and the 1998 annual report of the Administrative Office of the Illinois Courts (AOIC), rather than on the record of this case. While the AOIC reports may be helpful, the trial court is in the best position to assess the current burdens on its own docket. See *Boner*, 142 Ill. 2d at 538-39. In ruling on defendants' motion, the Madison County circuit court did not note any administrative problems in its docket or in its ability to try this case in an expeditious manner. "Court congestion is a relatively insignificant factor, especially where *the record* does not show the other forum would resolve the case more quickly." (Emphasis added.) *Guerine*, 198 Ill. 2d at 517, citing *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503 (1986). Moreover, court congestion should be afforded little consideration in a case that is legitimately filed in the resident forum of one of the defendants.

On balance, considering the totality of the circumstances, I believe that the private and public interest factors do not strongly favor Macoupin County over Madison County. Defendants have failed to meet their burden of showing, as they allege in their brief, that there is "no connection" to Madison County. In fact, defendants' assertion that this case has absolutely no connection to Madison County is factually inaccurate and misleading. This is *not* a case of *exceptional circumstances* where sensible judicial administration and the interests of justice require a trial in a more convenient forum. See *Guerine*, 198 Ill. 2d at 520; *Peile*, 163 Ill. 2d at 335; *Torres*, 98 Ill. 2d at 346. Furthermore, I believe that the resources of this court are more profitably spent deciding fully developed controversies than unnecessarily micromanaging *forum non conveniens* rulings. See *Guerine*, 198 Ill. 2d at 520. The majority's conclusion that the trial court abused its discretion in denying an intrastate *forum non conveniens* motion to transfer the case to an adjacent county is unsupported by both the law and the record.

For the foregoing reasons, I respectfully dissent.