NOTICE

Decision filed 04/05/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0590

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

JAMES E. WILTON, as Special Administrator ) Appeal from the
and Representative of the Estate of ) Circuit Court of
Bernice Wilton, Deceased, ) Madison County.
)
     Plaintiff-Appellee, )
)
v. ) No. 03-L-2102
)
ILLINI MANORS, INC., d/b/a JERSEYVILLE )
MANOR, ) Honorable
) A. A. Matoesian,
     Defendant-Appellant. ) Judge, presiding.
_____

PRESIDING JUSTICE SPOMER delivered the opinion of the court:

We granted the petition of the defendant, Illini Manors, Inc., doing business as Jerseyville Manor, for leave to appeal the order of the circuit court of Madison County that denied the defendant's motion to dismiss or, in the alternative, to transfer this cause to Jersey County on the basis of *forum non conveniens*. For the reasons set forth below, we affirm.

The facts necessary for our disposition of this appeal are as follows. On December, 31, 2003, the plaintiff, James Wilton, filed a complaint in the circuit court of Madison County, alleging that the decedent, Bernice Wilton, had sustained injuries and damages while in the care of Jerseyville Manor, a nursing home owned by the defendant and licensed by the Illinois Department of Public Health under the Nursing Home Care Act (210 ILCS 45/3-101 *et seq.* (West 2002)), to provide nursing home care to the public. The complaint alleges that the injuries caused by the defendant while the decedent was in the care of Jerseyville Manor ultimately led to her death. Jerseyville Manor is located in Jersey County. The complaint

1

also establishes that the defendant also owns a nursing home in Madison County. Count I of the complaint alleges a cause of action under the Illinois Nursing Home Care Act (210 ILCS 45/3-601 (West 2002)). Count II of the complaint alleges a cause of action under the Illinois Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2002)).

On March 1, 2004, the defendant filed a motion to dismiss or, in the alternative, to transfer venue based on *forum non conveniens*. The defendant's motion alleged, *inter alia*, that the decedent was a resident of Jersey County, that the alleged wrongful acts occurred at a nursing home located in Jersey County, and that the decedent was treated for her injuries in Jersey County. The motion further averred that the plaintiff, who is the son of the decedent, and other relatives of the decedent would be material witnesses and that they all reside in Jersey County. The defendant's motion was supported by the affidavit of the assistant administrator for the defendant.

According to the sworn testimony presented in the affidavit, while a resident of Jerseyville Manor, the decedent was treated by two physicians, both of whom are Jersey County residents. The decedent was also treated at Jersey Community Hospital and was a resident of Jerseyville Nursing and Rehabilitation Center, both of which are located in Jersey County. Many current and former employees of Jerseyville Manor cared for the decedent. Based on the last-known addresses of these 38 employees, the affidavit concluded that 18 resided in Jersey County while 5 resided in Madison County. The affidavit concluded that the remaining current or former employees are dispersed throughout the state, in counties such as Greene, Macoupin, Sangamon, and Calhoun.

Written discovery revealed that the decedent died at a nursing home in Madison County which is not owned by the defendant. As listed by the plaintiff, all the eyewitnesses to the wrongful acts alleged in the complaint resided in Jersey County. This included two physicians and the staff of Jersey Community Hospital. It was also revealed in written

2

discovery that the decedent had been transferred to the Rosewood Care Center in Madison County approximately six weeks prior to her death. Staff members of Rosewood Care Center were listed as postoccurrence witnesses, as were three doctors who were listed as residing in Madison County. After further briefing by the parties, the circuit court denied the defendant's motion to transfer. We granted the defendant's petition for leave to appeal.

Section 2-101 of the Code of Civil Procedure, setting out the general venue requirements, provides:

"[E]very action must be commenced (1) *in the county of residence of any defendant* who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county[] or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (Emphasis added.) 735 ILCS 5/2-101 (West 2002).

The Illinois Supreme Court has recently reiterated and reemphasized the fact that the *forum non conveniens* doctrine gives courts discretionary power that should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum. *Langenhorst v. Norfolk Southern Ry. Co.*, No. 99924, slip op. at 9 (March 2, 2006) (citing *First American Bank v. Guerine*, 198 Ill. 2d 511, 520 (2002)). In most instances, the plaintiff's choice of forum will prevail, provided that venue is proper *and the inconvenience factors attached to that forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum. Langenhorst*, slip op. at 10 (relying on *Guerine*, 198 Ill. 2d at 520). Otherwise, the application of the doctrine to intrastate transfers results in a "frustrating litigation quagmire" consisting of a " 'battle over minutiae.' " *Guerine*, 198 Ill. 2d at 519 (citing and quoting *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335 (1994)). This is especially true when adjoining counties are involved, where the travel distances for likely witnesses are

3

minimally different, and considering that today we are connected by interstate highways, bustling airways, telecommunications, and the world wide web. *Langenhorst*, slip op. at 16 (relying on *Guerine*, 198 Ill. 2d at 525).

The *Langenhorst* court explained that the distinction between *Guerine* and *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167 (2003), is that in *Dawdy*, the Illinois Supreme Court found that the trial court had abused its discretion in refusing to transfer the case, because the forum county had no significant ties to the case and none of the witnesses resided in the plaintiff's choice of forum. *Langenhorst*, slip op. at 12. In contrast, the Illinois Supreme Court in *Guerine* found that the trial court had abused its discretion in transferring the cause, because both the forum and transferee counties had ties to the case and the witnesses were scattered throughout several counties in the state, as well as in other states. *Langenhorst*, slip op. at 13. Although the *Dawdy* court emphasized the principle that when the plaintiff is not a resident of the chosen forum and the events giving rise to the litigation did not occur there, the plaintiff's choice is given less deference, the *Langenhorst* court clarified that even if the plaintiff's choice is given less deference, absent factors strongly favoring a transfer, the plaintiff's substantial interest in choosing the forum where his or her rights will be vindicated should rarely be disturbed. *Langenhorst*, slip op. at 17.

Following the Illinois Supreme Court's reasoning in *Langenhorst*, we must find that the balance of private- and public-interest factors does not strongly favor a transfer to Jersey County, because the defendant cannot show that there is "no connection" to Madison County, that the defendant or witnesses would be inconvenienced by a trial in Madison County, that a trial would be impractical in Madison County, or that it would be unfair to burden the citizens of Madison County with a trial in this case. See *Langenhorst*, slip op. at 16-17. Here, as in *Langenhorst*, no affidavits have been filed stating that Madison County would be an inconvenient forum for any of the witnesses. See *Langenhorst*, slip op. at 15. The trial

4

witnesses are dispersed among several counties and other states, and many will be required to travel regardless of the place of the trial. See *Langenhorst*, slip op. at 15. The defendant is a resident of Madison County and operates a nursing home in Madison County. See *Langenhorst*, slip op. at 16 (citing section 2-102(a) of the Code of Civil Procedure (735 ILCS 5/2-102(a) (West 2000))). Because we are bound by the *Langenhorst* decision, absent a strong showing of actual inconvenience, a circuit court's decision to deny a motion to transfer for *forum non conveniens* should not be disturbed, even if there is a "more appropriate forum" based on "where the cause of action arose." See *Langenhorst*, slip op. at 18. If a shift in focus is needed, from inconvenience to the more appropriate forum based on where the cause of action arose, that shift will have to come from the legislature in the form of an amendment to the venue statute.

For the reasons set forth above, we conclude that the circuit court did not abuse its discretion in denying the defendant's motion to transfer this cause to Jersey County based on the doctrine of intrastate *forum non conveniens*. The order of the circuit court is affirmed.


Affirmed.


DONOVAN and McGLYNN, JJ., concur.

5

NO. 5-04-0590

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

───────────────────────────────────────────────────────

| | |
|---|---|
| JAMES E. WILTON, as Special Administrator and Representative of the Estate of Bernice Wilton, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 03-L-2102 |
| | ) |
| ILLINI MANORS, INC., d/b/a JERSEYVILLE MANOR, | ) |
| | ) Honorable |
| | ) A. A. Matoesian, |
| Defendant-Appellant. | ) Judge, presiding. |

───────────────────────────────────────────────────────

**Opinion Filed**:    April 5, 2006

───────────────────────────────────────────────────────

**Justices**:    Honorable Stephen L. Spomer, P.J.

Honorable James K. Donovan, J., and
Honorable Stephen P. McGlynn, J.,
Concur

───────────────────────────────────────────────────────

**Attorneys for Appellant**    Dennis E. Rose, Georgiann Oliver, Donovan, Rose, Nester & Joley, P.C., 8 East Washington Street, Belleville, IL 62220-2190

───────────────────────────────────────────────────────

**Attorneys for Appellee**    Gail G. Renshaw, Bradley M. Lakin, The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095-0229; Charles W. Chapman, Charles W. Chapman, Chartered, 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095-0229

───────────────────────────────────────────────────────