SIXTH DIVISION
SEPTEMBER 10, 2010

No. 1-09-2680

| | | |
|---|---|---|
| EKATERINA SHIRLEY, as Plenary Guardian of the Estate of Alexandra Khibovskaia, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff–Appellee, | ) ) | |
| v. | ) ) | |
| ARUN KUMAR, ADVENTIST HINSDALE HOSPITAL, an Illinois Not-For-Profit Corporation d/b/a Hinsdale Hospital, and HELENA G. MUIRRAGUI, | ) ) ) ) ) | No. 09 L 1074 Honorable Thomas P. Quinn, |
| Defendants–Appellants. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Ms. Ekaterina Shirley filed a medical malpractice action on behalf of her mother, Ms. Alexandra Khibovskaia (herinafter plaintiff), in Cook County, Illinois, based on care and treatment provided by two DuPage County, Illinois, physicians at Adventist Hinsdale Hospital in DuPage County. Defendant Arun Kumar, M.D., an internist, resided in Cook County at the time he was served with process. Pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187) and the doctrine of *forum non conveniens*, the defendant hospital, joined by the two defendant physicians, moved to transfer this action to DuPage County. The trial court denied the motion to transfer. Dr. Kumar filed a timely petition for interlocutory review pursuant to Supreme Court Rule 306(a)(2) (210 Ill. 2d R. 306(a)(2)), which was denied. Dr. Kumar filed a timely petition for leave to appeal in the Illinois Supreme Court, which issued a supervisory order directing this court to accept the matter for review. This court then vacated its denial of the petition for interlocutory review and granted Dr. Kumar's petition for leave to appeal. On appeal, defendants seek reversal of the trial court's denial of their motion to transfer. We affirm.

FACTS

On August 26, 2007, the plaintiff was admitted to defendant Hinsdale Hospital after she was found attempting to commit suicide by jumping from her third-floor balcony. On September 15, 2007, the plaintiff was again admitted to Hinsdale Hospital after complaining of gastrointestinal difficulties and discomfort. Ten days later on September 25, 2007, the plaintiff jumped from her third-floor balcony in an alleged suicide attempt, causing serious injuries. In her complaint, the plaintiff alleges that the defendants negligently failed to diagnose and treat her condition, depression with psychosis, which directly and proximately resulted in injuries from her suicide attempt, including multiple fractures and internal injuries. The plaintiff currently receives round-the-clock care at Maplewood Care Center in DuPage County and has been declared a "disabled person."

Ms. Shirley was appointed the plenary guardian of her mother and her mother's estate. On January 29, 2009, the plaintiff filed this medical malpractice action in the circuit court of Cook County. Ms. Shirley resides in Clarendon Hills, DuPage County.

In the plaintiff's response to the defendants' motion to transfer venue, the plaintiff states that after her alleged suicide attempt, she was treated at Loyola Hospital in Maywood, located in Cook County, Illinois from September 25, 2007 until March 20, 2008, where she incurred $489,076.35 in medical costs. At least 40 of her treating healthcare professionals still live in Cook County, work in Cook County, or both live and work in Cook County. She also states in her response that Dr. Kumar identified signatures on medical records from her August and September 2007 Hinsdale hospitalizations as healthcare providers that she believes may be crucial witnesses regarding her care and treatment. Of the names and addresses that Dr. Kumar

2

provided to the plaintiff, seven reside in DuPage County, three reside in Will County, two reside in Cook County and one resides in Kane County. Plaintiff's son-in-law's parents reside in Cook County and may be called to testify concerning her physical and mental condition prior to her alleged suicide attempt. Ms. Shirley also states in her response that she is employed at Bank of America located at 135 South LaSalle Street, Chicago, in Cook County. As plenary guardian of her mother's estate, Ms. Shirley is responsible for handling probate matters that are currently in the circuit court of Cook County. Plaintiff also states that her attorneys' office is located in Cook County, .5 miles from the Daley Center whereas the DuPage County courthouse is located 31.26 miles from the plaintiff's attorneys' office.

Defendant Adventist Hinsdale Hospital is an Illinois corporation located at 120 North Oak Street in Hinsdale, DuPage County, the registered agent of which is Mr. David Crane at 12 Salt Creek Lane, Hinsdale, DuPage County. Hinsdale Hospital filed a timely motion to transfer this matter from Cook County to DuPage County.

In Dr. Kumar's motion to join Hinsdale Hospital's motion to transfer, Dr. Kumar states that, at the time the action was filed, he resided on the Cook County side of County Line Road, directly across the street from DuPage County. He has since moved to DuPage County. Dr. Kumar also states in his motion that his offices are located in Naperville, Illinois, in DuPage County. He treats patients primarily at Hinsdale, Edward, and Bolingbrook Hospitals, and Rush Copley Medical Center, all located in DuPage County. He does not provide any medical services in Cook County. He further states that he has two minor children whom he frequently transports to and from DuPage County schools. Defendants also assert that several psychiatrists from DuPage County may be called to testify, including Dr. Saima Sabah, Dr. Duke

3

No. 1-09-2680

Ruktanonchai, and Dr. Daniel Wyma.

Defendant Helena Muirragui, M.D., a psychiatrist, also filed a timely motion to join Hinsdale Hospital's motion to transfer. Dr. Muirragui resides in DuPage County. Her medical offices are located in Hinsdale and Willowbrook, both in DuPage County. In her motion to join Dr. Kumar's appeal, Dr. Muirragui states that "all of the defendants are situated similarly with respect to the grounds for transfer of this action to the circuit court of DuPage County." In her motion to join Dr. Kumar's appeal, Dr. Muirragui adopted Dr. Kumar's arguments rather than presenting her own.

ANALYSIS

According to section 2-101 of the Code of Civil Procedure (735 ILCS 5/2-101 (West 2000)):

"Except as otherwise provided in this Act, every action

must be commenced (1) in the county of residence of any

defendant who is joined in good faith and with probable cause for

the purpose of obtaining a judgment against him or her and not

solely for the purpose of fixing venue in that county, or (2) in the

county in which the transaction or some part thereof occurred out

of which the cause of action arose."

*Forum non conveniens* is an equitable doctrine that permits a trial court to transfer an action when "trial in another forum 'would better serve the ends of justice.' " Langenhorst v. Norfolk Southern Ry. Co., 219 Ill. 2d 430, 441 (2006), quoting Vinson v. Allstate, 144 Ill. 2d 306, 310 (1991). However, the Illinois Supreme Court in First American Bank v. Guerine, 198 Ill. 2d 511

4

(2002), held that "[t]he plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and the plaintiff's forum choice should rarely be disturbed unless the other factors strongly favor transfer." Guerine, 198 Ill. 2d at 517.

The Illinois Supreme Court has held that a trial court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. Langenhorst, 219 Ill. 2d at 443. The public interest factors are:

> "(1) The interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." Langenhorst, 219 Ill. 2d at 443-44.

The private interest factors include:

> " '(1) The convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive ***.' " Langenhorst, 219 Ill. 2d at 443, quoting Guerine, 198 Ill. 2d at 516.

The defendant has the burden to "show that relevant private and public interest factors 'strongly favor' the defendant's choice of forum" in order to warrant overturning the plaintiff's choice of forum. Langenhorst, 219 Ill. 2d at 444, quoting Griffith v. Mitsubishi Aircraft International, Inc., 136 Ill. 2d 101, 107 (1990). The trial court evaluates the totality of the

circumstances to decide whether the defendant has proven that transfer is strongly favored by the balance of factors. The defendant may not claim that the chosen forum is inconvenient to the plaintiff. Langenhorst, 219 Ill. 2d at 444. However, the Illinois Supreme Court has stated that where the plaintiff chooses a forum that was neither the site of the accident nor the county in which she resides, her choice "is not entitled to the same weight" as the choice of the county of her residence or the accident site. Dawdy v. Union Pacific R.R. Co., 207 Ill. 2d 167, 173-176 (2003). The selection of a foreign county "deserves less deference." Griffith, 136 Ill. 2d at 106.

This court will reverse a trial court's decision on a *forum non conveniens* motion only if the court "abused its discretion in balancing the relevant factors." Langenhorst, 219 Ill. 2d at 442. The Illinois Supreme Court has stated that a trial court "abuses its discretion in balancing the relevant factors only where no reasonable person would take the view" it adopted. Langenhorst, 219 Ill. 2d at 442. We cannot say that a reasonable person would not have taken the view adopted by the trial court.

Venue in Cook County is proper in the case at bar because Dr. Kumar was a resident of Cook County at the time he was served with process. Considering the totality of the circumstances, the trial court found that neither the public nor private interest factors strongly favored transfer to DuPage County. This court will only reverse that decision if it is determined that the trial court abused its discretion in reaching that conclusion.

The trial court found that the public interest factors did not strongly favor transfer to DuPage County. We cannot say that a reasonable court could not have reached that conclusion. The plaintiff asserts that Cook County has an interest in the action because the hospital that treated her for six months after her alleged suicide attempt is located in Cook County.

6

Moreover, in 2007 the average time lapse between date of filing and date of verdict in the circuit courts of Illinois for jury verdicts over $50,000 was 37.2 months for Cook County and 38.4 months for DuPage County. This suggests that the circuit courts in DuPage County are slightly more overburdened than those in Cook County. Defendants claim that DuPage County has an interest in deciding this case locally because the defendants provide healthcare in DuPage County. They further assert that it is unfair to burden Cook County residents with jury duty and trial costs when the action has little connection to Cook County.

The trial court found that the private interest factors did not strongly favor transfer to DuPage County. We cannot say that a reasonable court could not have reached this conclusion. Forty-five potential witnesses reside in Cook County, including two of the plaintiff's family members, two physicians who examined and treated the plaintiff at Hinsdale Hospital, Dr. Ghassan Aldurrah and Dr. Angela Stepney, and forty potential treating healthcare providers from Loyola Hospital. Ms. Shirley asserts that Cook County is a more convenient forum for her because of her place of business as well as the guardianship proceedings in the Cook County probate court.

Defendants assert that trial in Cook County would be inconvenient for them as well as several potential witnesses. Although documentary evidence will likely include medical records from both Hinsdale Hospital in DuPage County and Loyola Hospital in Cook County, the defendants assert that several psychiatrists from DuPage County may be called to testify, including Dr. Saima Sabah, Dr. Duke Ruktanonchai, and Dr. Daniel Wyma. Both defendant physicians have responsibilities to their patients, who are solely located in DuPage County. Moreover, the Daley Center in Cook County is located approximately 32 miles from the DuPage

7

County courthouse. Although the Illinois Supreme Court in Dawdy stated that it "[could not] accept the contention that trial in an adjacent county is conclusively not inconvenient for a defendant" (Dawdy, 207 Ill. 2d at 180), it also reiterated that " '[m]ileage is but one factor of convenience' " (Dawdy, 207 Ill. 2d at 180, quoting Bland v. Norfolk & Western Ry. Co., 116 Ill. 2d 217, 227 (1987)). This distance of 32 miles is not so outrageous that we can say that the trial court abused its discretion.

Defendants rely on Dawdy in asserting that transfer in the case at bar is proper. In Dawdy, the Illinois Supreme Court found that where the chosen forum is neither the plaintiff's home forum nor the situs of the injury, it is " 'reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules.' " Dawdy, 207 Ill. 2d at 174, quoting Certain Underwriters at Lloyds, London v. Illinois Central R.R. Co., 329 Ill. App. 3d 189, 196 (2002). However, Ms. Shirley has attested that Cook County is more convenient for her due to the location of her workplace and her mother's guardianship proceedings. Moreover, the facts in Dawdy are dissimilar to the facts in the case at bar. In Dawdy, the only practical connection to the plaintiff's chosen forum, Madison County, was that the defendant did business there. Dawdy, 207 Ill. 2d at 170. The plaintiff resided in Greene County, the driver of the vehicle that struck the plaintiff resided in Macoupin County, and none of the witnesses to be called at trial resided in Madison County. In the case at bar, because there are numerous potential witnesses who work or reside in Cook County and the plaintiff herself works in Cook County, it is not unreasonable, as it was in Dawdy, to deny a transfer of venue.

Subsequent to Dawdy, the Illinois Supreme Court in Langenhorst "[emphasized] that

8

Dawdy did not overrule Guerine. Dawdy is not irreconcilable with Guerine, nor does it conflict with Guerine." Langenhorst, 219 Ill. 2d at 453. This case is more factually similar to Guerine than Dawdy. Similar to the case at bar, the plaintiff in Guerine did not reside in his chosen forum. In Guerine, the court found transfer was not appropriate where only two witnesses resided in plaintiff's chosen forum and witnesses resided among several counties. Guerine, 198 Ill. 2d 511. In the case at bar, more than 40 potential witnesses reside or work in the plaintiff's chosen forum; therefore, it was not unreasonable for the trial court to deny the motion for transfer.

In summary, the public interest factors:

(1) The interest in deciding controversies locally may not be as strong in a medical malpractice case as in other litigation because the jury pool in DuPage County may include people who are familiar with the physicians and hospitals in their county because it is much smaller than Cook County. As a result, it could be more difficult to find 12 fair and impartial people in DuPage County as compared with Cook County.

(2) The unfairness of imposing trial expense is really not a consideration when the two county court locations are only 32 miles apart. While the burden of jury duty on residents of a forum that has little connection to the litigation is always a consideration, the fact that the jury pool in DuPage County may include people more familiar with the medical providers makes that forum less of

9

a consideration.

(3) The court dockets of both counties are similarly congested and the administrative difficulties of adding this case to either docket could have little or no effect.

As to the private interest factors:

(1) The convenience of the parties should not be significant when the courthouses are only 32 miles from each other. The evidence in the record did not provide specific evidence of anyone who would be greatly inconvenienced.

(2) The relative ease of access to sources of testimonial, documentary, and real evidence would not be significant when the counties are so close.

(3) The defendants failed to show us other possible problems that would make the plaintiff's chosen forum inconvenient.

We cannot say that no reasonable court would deny the defendants' motion to transfer venue to DuPage County.

CONCLUSION

For the aforementioned reasons, the trial court's denial of the defendants' motion to transfer venue is affirmed.

Affirmed.

CAHILL and McBRIDE, JJ., concur.