# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Dowd v. Berndtson*, 2012 IL App (1st) 122376

---

| | |
|---|---|
| Appellate Court Caption | LISA DOWD, Plaintiff-Appellee, v. SCOTT A. BERNDTSON and SCOTT A. BERNDTSON, P.C., an Illinois Corporation, Defendants-Appellants. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2376 |
| Filed | December 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendants' motion to transfer plaintiff's legal malpractice action arising from the dissolution of her marriage from Cook County to Du Page County was upheld, since Cook County was an appropriate forum and the relevant public and private interest factors did not strongly favor a transfer. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-002067; the Hon. Drella C. Savage, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Daniel F. Konicek, Michael P. Hannigan, and Amanda J. Hamilton, all of Konicek & Dillon, P.C., of Geneva, for appellants.

No brief filed for appellee.

Panel

JUSTICE R. GORDON delivered the judgment of the court, with opinion.
Presiding Justice Lampkin and Justice Hall concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Lisa Dowd brought a legal malpractice action in the circuit court of Cook County against defendants Scott A. Berndtson and Scott A. Berndtson, P.C., in connection with defendants' representation in certain matters related to plaintiff's divorce. Defendants filed a motion to transfer the case pursuant to the doctrine of *forum non conveniens*, claiming the case should be litigated in Du Page County instead of Cook County. The trial court denied defendants' motion and we granted defendants' petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Sept. 1, 2006). For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3    At the end of 1999, plaintiff hired attorney Michael Minton and his law firm to represent her in a dissolution of her marriage, and in March 2001, plaintiff and her ex-husband entered into a settlement agreement, which was entered as part of a judgment for dissolution in the circuit court of Cook County. The case was initially filed in Cook County but was later transferred to Du Page County because plaintiff, her ex-husband, and their children all resided in Du Page County. Plaintiff now resides in Florida.

¶ 4    On February 24, 2003, plaintiff hired attorney Wendy Morgan and her law firm to represent her in postjudgment proceedings, which she did until withdrawing her appearance on July 26, 2006; the postjudgment proceedings largely took place in Du Page County.

¶ 5    In February 2007, plaintiff hired defendants to explore possible malpractice actions against her counsel, including Morgan, and in March 2007, defendants filed a legal malpractice action on plaintiff's behalf against Minton, the attorney who handled the initial 2001 dissolution settlement and was also involved in postjudgment matters; defendants failed to file a claim against Morgan and the statute of limitations for such an action has now expired.

¶ 6    Plaintiff filed an amended complaint for legal malpractice against defendants on August

10, 2010, in the circuit court of Du Page County based on defendants' failure to file a legal malpractice claim against Morgan.

¶ 7    On December 23, 2010, defendants filed a motion to dismiss plaintiff's amended complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)), and on February 18, 2011, plaintiff filed a second amended complaint in the circuit court of Du Page County.

¶ 8    On February 24, 2011, plaintiff voluntarily dismissed her complaint, and on February 23, 2012, plaintiff refiled her complaint in the circuit court of Cook County.

¶ 9    On April 10, 2012, defendants filed a motion to transfer the case pursuant to *forum non conveniens*. The motion claimed that the underlying marital settlement agreement was entered into in Du Page County, as was the dissolution of marriage judgment. Additionally, all of the postjudgment proceedings occurred in Du Page County. The motion further claimed that defendants' principal place of business was in Du Page County, and that all of the work performed by defendants was performed in Du Page County.

¶ 10    In response, plaintiff claimed that the motion should be denied because the underlying dissolution occurred in Cook County, not Du Page County as defendants claimed; defendant Berndtson resided in Cook County; and defendants could not show inconvenience that greatly outweighed plaintiff's substantial right to her chosen forum. Plaintiff further claimed that her prior attorneys, Minton and Morgan, both represented her in and have their registered offices in Cook County; and that other witnesses likely to be called, such as plaintiff's ex-husband's attorney and defendant Berndtson's wife, also have offices in Cook County. Plaintiff's affidavit, attached to her response, also stated that Cook County was more convenient for her because when she travels to Chicago from Florida, she flies into and stays in Cook County.

¶ 11    On July 17, 2012, in a written order, the trial court denied defendants' motion to transfer. The trial court first discussed the private interest factors at issue. The court noted that at the time of the alleged incident, plaintiff did not reside in Cook County. However, the underlying dissolution action was filed in Cook County and the judgment for dissolution was recorded in Cook County; plaintiff's divorce attorneys, Minton and Morgan, also had offices located in Cook County. Accordingly, the court concluded that the alleged legal malpractice arising from plaintiff's dissolution proceedings occurred in Cook County. The court also noted that while postjudgment proceedings were eventually transferred to Du Page County, where plaintiff resided at the time, plaintiff now lives in Florida, which is why she refiled the action in Cook County. Thus, the trial court determined that plaintiff's choice of forum should be afforded deference.

¶ 12    Next, the court noted that defendants failed to demonstrate that Cook County was inconvenient and that Du Page County was more convenient to all of the parties. Defendant Berndtson resides in Cook County, even though his office is in Du Page County. Further, plaintiff lives in Florida and stated that Cook County was the more convenient forum due to its proximity to O'Hare and Midway airports. Thus, the court found that the convenience of the parties did not weigh in favor of the transfer.

¶ 13    The court further noted that Cook County arguably enjoyed a predominant connection

to the litigation at issue, in that the underlying judgment for dissolution was litigated in Cook County and defendant Berndtson currently resides in Cook County. Additionally, all of the potential witnesses except for plaintiff either work or reside in Cook County. The court acknowledged that a portion of defendants' alleged legal malpractice and a portion of the postjudgment proceedings took place in Du Page County, but determined that the tie was minimal.

¶ 14    Alternatively, even if there was no predominant connection to Cook County, the court found that the parties and potential witnesses are scattered throughout Cook and Du Page counties, but that all of the potential witnesses reside or work in Cook County; there was no evidence of a single potential witness residing in Du Page County. Thus, the court found that it was reasonable for it to find that both counties had a connection to the litigation and to deny the transfer. The court also pointed out that Cook and Du Page counties were adjacent counties and that the travel distances for defendants and potential witnesses would be minimally different.

¶ 15    The court gave little weight to the fact that the location of the documents at issue was in Du Page County, noting that the documents could be easily transported. In sum, the court found, the private interest factors did not strongly favor a transfer to Du Page County.

¶ 16    The trial court also considered the public interest factors at issue. The court noted that the first two factors–the interest in deciding localized controversies locally and the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation–did not weigh strongly in favor of a transfer. The court found that residents of Cook County "certainly" have an interest in deciding the controversy since it involved an underlying dissolution proceeding recorded in Cook County as well as alleged legal malpractice claims against attorneys who either worked or resided in Cook County.

¶ 17    The court then considered the court's docket and examined data indicating that similar cases proceed to verdict nearly two months faster in Cook County than in Du Page County, despite Cook County being a more congested forum. Thus, the court found that the final public interest factor did not weigh in favor of a transfer.

¶ 18    In balancing the private and public interest factors and evaluating the totality of the circumstances, the trial court found that the balance of factors did not favor transferring the case to Du Page County. Consequently, the court denied defendants' motion to transfer.

¶ 19    Defendants filed a motion to reconsider, noting that plaintiff's current legal malpractice case against Minton was proceeding in Du Page County; the trial court denied the motion. Defendants then filed a petition for leave to appeal to this court pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Sept. 1, 2006), which we granted, and the instant appeal follows.

¶ 20                                    ANALYSIS

¶ 21    As an initial matter, we note that plaintiff failed to file an appellee's brief in this case. In such a circumstance, a court of review has essentially two choices. "When the record is simple, and the claimed errors are such that this court can easily decide them on the merits without the aid of an appellee's brief, this court should decide the appeal on its merits."

-4-

*Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1088 (1995). "Otherwise, if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record, the judgment of the trial court may be reversed." *Plooy*, 275 Ill. App. 3d at 1088 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)). In the case at bar, we conclude that the record and the issues before us are clear enough that the appeal should be decided on its merits.[1]

¶ 22　　The sole issue on appeal is whether the trial court erred in denying defendants' motion to transfer pursuant to the doctrine of *forum non conveniens*. *Forum non conveniens* is an "equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). This doctrine permits a trial court to transfer a case when "trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)); *Gridley*, 217 Ill. 2d at 169.

¶ 23　　The burden is on the party asking for the transfer to show that the relevant factors "strongly favor" transfer. (Emphasis omitted.) (Internal quotation marks omitted.) *Langenhorst*, 219 Ill. 2d at 443 (quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107 (1990)); *In re Marriage of Mather*, 408 Ill. App. 3d 853, 857 (2011); *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 656 (2009).

¶ 24　　"A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441. An appellate court will reverse a circuit court's decision on a *forum non conveniens* motion only if "the defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169; *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003). The Illinois Supreme Court has stated: "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169; *Dawdy*, 207 Ill. 2d at 177.

¶ 25　　The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would. We find, in the case at bar, that a reasonable person could certainly have taken the view adopted by the trial court.

¶ 26　　　　　　　　　　I. Plaintiff's Choice of Forum

¶ 27　　Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum. *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference, before weighing the relevant factors). In the case at bar, the trial court reasonably accorded some deference to plaintiff's choice of forum.

---

[1]We consider the second supplemental record submitted by defendants on October 16, 2012, despite the fact that it was not certified by either an attorney affidavit or by the clerk of the circuit court. Ill. S. Ct. R. 306 (eff. Sept. 1, 2006); R. 328 (eff. Feb. 1, 1994).

Normally, the plaintiff's choice of forum is a "substantial" factor in deciding a *forum non conveniens* motion. *Dawdy*, 207 Ill. 2d at 172; *Griffith*, 136 Ill. 2d at 106. However, the Illinois Supreme Court has stated that where the plaintiff chooses a forum other than where she resides, her choice "is not entitled to the same weight" as the choice of her home forum. *Dawdy*, 207 Ill. 2d at 173-76; *Gridley*, 217 Ill. 2d at 170. In the case at bar, plaintiff currently resides in Florida. Thus, her selection of a foreign forum "deserves less deference." *Griffith*, 136 Ill. 2d at 106 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)); *Langenhorst*, 219 Ill. 2d at 448; *Gridley*, 217 Ill. 2d at 170.

¶ 28        However, less deference is not the same as no deference. *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002) ("the deference to be accorded is only less, as opposed to none" (emphasis omitted) (internal quotation marks omitted)); *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723, 742 (2005) (less deference does not equal no deference). See also *Langenhorst*, 219 Ill. 2d at 448 (plaintiff's choice of a foreign forum was "entitled to somewhat less deference" (emphasis omitted) (citing *Guerine*, 198 Ill. 2d at 517 ("somewhat less deference"))). Although plaintiff's choice of forum was a foreign forum, the trial court found that the underlying dissolution petition was filed in Cook County, the subsequent divorce judgment was entered in Cook County, and Minton and Morgan have offices located in Cook County, so "the alleged underlying legal malpractice arising out of Plaintiff's [dissolution] proceedings occurred in Cook County." Thus, in the case at bar, the trial court reasonably accorded some deference to plaintiff's choice of a forum.

¶ 29        We find defendants' arguments for affording plaintiff's choice of forum no deference to be unpersuasive. Defendants make much of the fact that plaintiff sought sanctions against her ex-husband for attempting to transfer the postjudgment proceedings to Cook County. However, by examining plaintiff's motion, it is clear that the basis for the motion for sanctions was that both parties and their minor children resided in Du Page County at the time. As that is no longer the case, we do not find this argument in favor of transfer to be persuasive. Similarly, we do not find plaintiff's conduct to be evidence of "forum shopping." While the record indicates that plaintiff is continuing the litigation against Minton and a different attorney in Du Page County, that does not automatically mean that the choice of Cook County in this case is "forum shopping." As is more fully explored below, Cook County has a connection with the dissolution proceedings and is an appropriate forum for the case to be litigated.

¶ 30                                II. Private Interest Factors

¶ 31        The Illinois Supreme Court has further held that a court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 443; *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 172-73. The private interest factors include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516-17); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 172. "A defendant seeking transfer is not required to show that the plaintiff's choice of forum

-6-

is inconvenient; rather, transfer is allowed where defendant's choice is the substantially more appropriate forum." *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 508 (2003). If, after considering the totality of the circumstances, defendant proves that the balance of circumstances strongly favors transfer, its motion should be granted. *Guerine*, 198 Ill. 2d at 519.

¶ 32     First, the convenience of the parties did not weigh in favor of transfer to Du Page County. With respect to this factor, "the defendant must show that the plaintiff's chosen forum is inconvenient to the defendant." *Langenhorst*, 219 Ill. 2d at 450. "[T]he defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff." *Langenhorst*, 219 Ill. 2d at 444. Here, while defendants' offices are located in Du Page County, defendant Berndtson resides in Cook County. Additionally, plaintiff has submitted an affidavit indicating that Cook County is more convenient for her since she flies from Florida into a Chicago airport. While "the supreme court has intimated that the proximity of airports to the chosen forum is not a factor warranting substantial consideration in deciding whether one forum is preferable to another" (*Hulsey v. Scheidt*, 258 Ill. App. 3d 567, 577 (1994) (citing *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 533-34 (1991), and *Griffith*, 136 Ill. 2d at 112)), it is still a factor worth noting. Thus, we cannot find the trial court abused its discretion in finding that the convenience of the parties does not weigh in favor of transfer.

¶ 33     Defendants argue that the trial court incorrectly found that this factor did not weigh in defendants' favor because the court did not address defendant Berndtson's statements in his affidavit that "DuPage County is a more convenient forum for this legal malpractice case" and "Litigating this case in Cook County would result in undue hardship and significant expense upon the defendants." However, these statements are conclusory and do not provide any information as to why it would be inconvenient for defendants or "result in undue hardship and significant expense." Accordingly, we do not find defendants' argument persuasive.

¶ 34     Second, the relative ease of access to sources of testimonial, documentary and real evidence did not require transfer to Du Page County. Defendants argue that the legal malpractice occurred in Du Page County, since the postjudgment proceedings took place there; however, while most of the postjudgment proceedings took place in Du Page County, the underlying dissolution proceedings and some postjudgment proceedings took place in Cook County, so, at most, the alleged legal malpractice took place in both counties. Similarly, while some of the documents regarding the alleged legal malpractice are in Du Page County, the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of email, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent. *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 834 (2006). Furthermore, all of the potential witnesses identified by plaintiff either reside or work in Cook County; defendants have not identified any witnesses who are located in any other county. Additionally, Cook County and Du Page County are adjacent counties and a large highway is easily used for ingress and egress to both counties in short periods of time, so "the relatively short distance between the forum chosen by plaintiff[ ] and that suggested by defendants makes it unlikely that trial in Cook County would be more costly or

inconvenient." *Griffith*, 136 Ill. 2d at 113. Thus, we cannot find that the trial court abused its discretion in finding that both counties have a connection to the litigation and denying the transfer.

¶ 35    Lastly, the court must consider all the other " 'practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516-17). As noted, all potential witnesses either reside or work in Cook County, and defendant Berndtson resides in Cook County, so there is no indication that trial in Cook County would be inconvenient to witnesses. Moreover, there is no issue with viewing the site of the incident, since there is no accident site to visit.

¶ 36    In sum, we cannot find that the trial court abused its discretion in weighing the private interest factors.

¶ 37                                  III. Public Interest Factors

¶ 38    When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 173.

¶ 39    First, "[a]lthough we agree that Du Page County has an interest in resolving this litigation, we cannot conclude that Cook County lacks such an interest." *Griffith*, 136 Ill. 2d at 113. Cook County has a significant interest in deciding the controversy in the instant case since it involves an underlying dissolution proceeding that was entered and recorded in Cook County and involves legal malpractice claims against attorneys who either work or reside in Cook County. Similarly, since Cook County has an interest in deciding the controversy, it would not be unfair to impose trial expense and the burden of jury duty on its residents, although we also note that ordinarily "the unfairness of imposing trial expense is really not a consideration when the two county court locations are only 32 miles apart." *Shirley v. Kumar*, 404 Ill. App. 3d 106, 112 (2010).

¶ 40    Finally, comparative congestion in the respective courts is not a factor in the case before us. While defendants argued that there is frequent congestion in Cook County courts, defendants offered no evidence that there is less congestion in Du Page County courts. *Woodward*, 368 Ill. App. 3d at 836 (this factor received little weight where defendants "offered no evidence" of less court congestion in their proposed forum); *Berbig v. Sears Roebuck & Co.*, 378 Ill. App. 3d 185, 189 (2007) ("court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly"). In fact, after examining data, the trial court concluded that cases such as the one at bar reach verdict *faster* in Cook County than in Du Page County. Finally, our supreme court has held that "[w]hen deciding *forum non conveniens* issues, the trial court is in the better position to assess the burdens on its own docket." *Langenhorst*, 219 Ill. 2d at 451. Thus, we cannot find that the trial court abused its discretion in finding that this factor did not warrant transfer.

¶ 41    In sum, the trial court did not abuse its discretion when it found that the public interest factors did not favor a transfer to Du Page County.

¶ 42                              IV. Balancing the Factors

¶ 43    In deciding a *forum non conveniens* motion, the trial court "must balance the private and public interest" factors. *Dawdy*, 207 Ill. 2d at 172; *Gridley*, 217 Ill. 2d at 169-70. The balancing should be done "without emphasizing any one factor." *Langenhorst*, 219 Ill. 2d at 443; *Gridley*, 217 Ill. 2d at 169; *Dawdy*, 207 Ill. 2d at 180. As noted, "[o]n review, the trial court's decision will be reversed only if *** the court abused its discretion in balancing the relevant factors." *Dawdy*, 207 Ill. 2d at 176-77; *Griffith*, 136 Ill. 2d at 106.

¶ 44    In the case at bar, we find that the trial court did not abuse its discretion in balancing the relevant factors. First, plaintiff's choice of forum merited some deference, although she chose a foreign forum. Second, the private and public interest factors did not weigh strongly in favor of transfer. *Langenhorst*, 219 Ill. 2d at 433 (affirming the denial of a motion to transfer the case to the accident site, even though plaintiff's chosen forum was neither the accident site nor the site of her residence); *Woodward*, 368 Ill. App. 3d at 827-28 (affirming denial of a motion to transfer case, even though plaintiffs' chosen forum was neither the accident site nor the site of their residence); *Ellis*, 357 Ill. App. 3d at 748 (affirming denial of a motion to transfer case, even though plaintiffs' chosen forum was neither the site of the airplane crash nor the decedents' residence).

¶ 45                                     CONCLUSION

¶ 46    For the foregoing reasons, we affirm the trial court's order denying defendants' motion to transfer the case to Du Page County pursuant to the doctrine of *forum non conveniens*. We find that the trial court did not abuse its discretion in finding that Cook County was the more appropriate forum.

¶ 47    Affirmed.