2023 IL App (1st) 220647

No. 1-22-0647

Opinion filed February 3, 2023

SIXTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CYNTHIA MILTON, DEMITRIOS MAVROGIORGOS-SPENCER, and AMANDA CALVERT, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 2020 L 001093 |
| THE BOEING COMPANY, | ) ) | The Honorable Daniel A. Trevino, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justice C.A. Walker concurred in the judgment and opinion.
Justice Tailor specially concurred, with opinion.

**OPINION**

¶ 1        This is a permissive interlocutory appeal with only one issue: whether the trial court abused its discretion when it denied defendant the Boeing Company's (Boeing) *forum non conveniens* motion. As Boeing acknowledges, it faces a high burden on this appeal. To obtain a reversal, it must show that no rational person could take the view taken by the trial court. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006). For the following reasons, we cannot make such a finding and affirm.

¶ 2                                    BACKGROUND

¶ 3          Almost three years ago, on January 28, 2020, plaintiffs filed a complaint alleging that "the cabin air on Boeing's commercial aircraft (with the exception of the Boeing 787 Dreamliner) can become contaminated with toxins and cause acute and chronic injuries to flight crew and passengers." The complaint alleged that "Boeing airplanes, other than the 787 Dreamliner, use a 'bleed air' system where outside air is pulled into—and then 'bled' off—the airplane's engines before entering the cabin." The alleged result of this system is that the "air can become contaminated by heated jet engine oil, hydraulic fluid and other contaminants or toxic by-products of such chemicals." The complaint alleged that Boeing has been aware of this problem "[f]or decades."

¶ 4          With respect to these three plaintiffs, the complaint alleged that plaintiffs Cynthia Milton, Demetrios Mavrogiorgos-Spencer and Amanda Calvert were working as flight attendants on a Boeing model 767-300 aircraft, operated by Delta Airlines, on flight 87 from Frankfort, Germany to Detroit, Michigan. The plane was manufactured and designed by Boeing. During the flight, a contaminated air event occurred, causing a number of the crew and passengers to become ill. The captain diverted the flight and landed the plane in Iqaluit, Canada. Emergency personnel evaluated and treated a number of people and took plaintiff Milton off the plane. As the flight continued to Detroit, several flight attendants continued to experience acute symptoms. The three plaintiffs alleged that they suffered, and continue to suffer, from short and long-term health effects, including nausea, confusion, pain, fatigue and other symptoms.

¶ 5          All three plaintiffs are U.S. citizens and reside in the United States. Milton resides in Kihei, Hawaii; Mavrogiorgos-Spencer resides in San Diego, California; and Calvert resides in

Lewisville, Texas. The 2020 complaint alleged that Boeing is a Delaware corporation with its principal place of business and corporate headquarters in Chicago.[1] The complaint alleged counts for, among other things, (1) strict liability and design defect, (2) strict liability and defect in warnings and instructions, (3) negligence, and (4) fraud.

¶ 6 As detailed below, this case was vigorously litigated by all parties for a year and a half before Boeing filed its *forum non conveniens* motion. First, on February 27, 2020, the parties filed an agreed motion to consolidate for discovery the instant case (the Milton case) with another pending case filed by Linda Verboom Curry and Allen Cheung against Boeing (the Curry case). Like the Milton case, the Curry case was filed in January 2020 and alleged that the plaintiffs, who were also flight attendants, suffered a contaminated air event aboard a Boeing aircraft. The Curry complaint, which is part of the appellate record before us, alleged that their flight, operated by United Airlines, departed on January 19, 2018, from Amsterdam, Holland, heading to Newark, New Jersey. A number of flight crew and passengers became ill, and several flight attendants needed to be put on oxygen, including the two Curry plaintiffs. As a result, the captain returned the plane to Amsterdam, where a number of the flight crew and passengers received medical evaluation and treatment. In the Curry case, as in the Milton case, the flight-attendant plaintiffs were not residents of Illinois.

¶ 7 In support of the agreed motion to consolidate for discovery, the collective parties argued to the trial court that, since the discovery was overlapping, consolidation of the two actions, "pending in the same court, is appropriate in order to aid convenience and avoid

---

[1]In a footnote in its appellate brief filed August 1, 2022, Boeing stated: "Boeing recently announced the relocation of its corporate headquarters to Virginian." Responding, also in a footnote, plaintiffs stated in their appellate brief: "Boeing claims to have moved its headquarters to Arlington, Virginia. Boeing raised no argument below that Virginia is a more convenient forum ***. Nor does Boeing appear to make any such argument on appeal."

expenditure of unnecessary judicial and party resources." The motion was signed by the attorneys for both Boeing and the plaintiffs in the instant case. On March 13, 2020, the trial court granted their joint motion to consolidate for discovery purposes only.

¶ 8    On May 25, 2020, Boeing filed motions in federal district court to remove both the instant case and the Curry case to federal court.[2] After filing in federal district court, Boeing filed a motion to dismiss plaintiffs' fraud and *res ipsa loquitor* claims in the instant case. Plaintiffs in the instant case filed a motion to remand to state court, arguing that Boeing's removal was untimely, that Boeing waived its right to remove, and that the case was not governed by federal law.

¶ 9    On August 12, 2020, the federal district court for the Northern District of Illinois filed a 10-page written opinion in the instant case, concluding that Boeing's motion was untimely. The district court also found that it lacked jurisdiction over Boeing's motion to dismiss, "as it should be heard in the Circuit Court of Cook County."

¶ 10    The district court noted that the party seeking removal bears the burden of establishing the propriety of the removal and any doubts should be resolved in favor of the plaintiffs' choice of state court. The district court observed: "Boeing waited four months, filing appearances in state court, consolidating the instant case with another, and filing an extension to answer before removing to this Court based off information that was solely in their possession." Denying the motion, the district court found that Boeing's "removal was purely gamesmanship."

¶ 11    Following the remand to the circuit court of Cook County, Boeing filed a motion for entry of its proposed case management order, with a trial-ready date of January 27, 2023.

_____

[2]Regarding the Curry case, plaintiffs noted in their response in opposition to Boeing's *forum non conveniens* motion in the circuit court that the Curry case was not remanded by the federal court to the state court.

Boeing's proposed order called for completion of written discovery by October 15, 2021, depositions by February 11, 2022, and expert discovery by September 9, 2022. Boeing's order included April 30, 2021, as a deadline for its filing of a responsive pleading that, Boeing explained, was "meant to provide time for Plaintiffs to file an amended Complaint." For their part, plaintiffs proposed a much shorter schedule, asserting that Boeing needed to respond to their existing complaint, as filed. Under plaintiffs' schedule, the case would have been trial-ready by May 15, 2022. Plaintiffs observed that this was not "the parties' first rodeo," that Boeing and plaintiffs' counsel had litigated contaminated cabin air cases for years, and that the relevant information did not have to be created but merely updated and supplemented. Plaintiffs argued that "Boeing's desire to stretch this case into 2023 is unwarranted and unnecessary."

¶ 12    On November 10, 2020, the trial court entered a case management order with a contemplated trial-ready date of August 17, 2022, three months after plaintiffs proposed date and five months before Boeing's proposed date. Written discovery was to be completed by July 30, 2021. On December 14, 2020, Boeing sought and received an agreed protective order to protect its proprietary information and trade secrets, as well as plaintiffs' personal information.

¶ 13    On February 16, 2021, Boeing moved to dismiss two counts in plaintiffs' complaint which alleged fraud and *res ipsa loquitur*. Before Boeing's partial dismissal motion was decided, the plaintiff in Benincore v. Boeing Co., No. 2020-L-012676 (Cir. Ct. Cook County), moved on March 31 to consolidate his case with the instant case. Like plaintiffs in the case at bar, the plaintiff in Benincore was bringing a contaminated cabin air case regarding a Boeing

aircraft. Unlike the instant case, the Benincore complaint also named Honeywell International, Inc. (Honeywell), because Honeywell had designed parts for the Boeing aircraft.

¶ 14    On April 19, 2021, the trial court denied Boeing's motion in the instant case to dismiss two counts of the complaint. The court also ordered Boeing to answer or otherwise plead by May 5, 2021.

¶ 15    On April 28, 2021, plaintiffs in the instant case objected to consolidation of their case with the Benincore case. Their objection began: "Justice delayed is justice denied." Boeing, likewise, objected to consolidation. On May 5, 2021,[3] the trial court ordered the Benincore case consolidated with the instant case, since both cases "deal with the 'Bleed Air System' on Boeing commercial aircraft and alleged injuries to flight crew as the result of exposure to contaminated air." The trial court observed that the instant case was "previously consolidated with *Verboom v. Boeing*, 20 L 695, which was removed to Federal Court." "Verboom" is actually the Curry case which we discussed above. (The lead plaintiff's last name is Curry, with a middle name of Verboom.) However, on May 20, 2021, the trial court reconsidered and denied consolidation with the Benincore case. Although the trial court denied consolidation, it did transfer the Benincore case to the same circuit judge who was handling the instant case, since the two cases were "related." Also on May 20, 2021, the trial court granted Benincore and Honeywell's joint motion, filed May 4, to dismiss Honeywell due to a settlement between them, which left Boeing as the sole defendant in the Benincore case (similar to the instant case).

---

[3]A notation at the top of the document states that it was filed on May 5, 2021, while the document is stamped at the bottom "Mar 10 2021." However, the date is not relevant to our issues and is provided only to establish a relative timeline.

¶ 16          After a year and a half of vigorous litigation in Illinois, Boeing filed its *forum non conveniens* motion on May 17, 2021, arguing, among other things, that the State of Washington was an "easier" forum for it to litigate this case in, that Illinois was inconvenient for its employee-witnesses, and that only a Washington court could compel its retired employees to appear. On June 17, 2021, plaintiffs responded, noting, among other things: "There is no dispute that Boeing's headquarters is in Chicago, Illinois." Plaintiffs observed that "three other similar toxic cabin air lawsuits—*Woods v. Boeing, Weiland v. Boeing, and Curry v. Boeing*, all of which involved exclusively out-of-state plaintiffs—were or are being litigated and prepared for trial in Illinois, without any claim by Boeing" that Chicago is inconvenient. Plaintiffs alleged that discovery in the instant case was "already well underway." In its reply filed July 9, 2021, Boeing argued, among other things, that "Plaintiffs' accusations of 'gamesmanship' and 'delay' are irrelevant." Regarding its headquarters, Boeing acknowledged that it had "moved its corporate headquarters to Chicago in 2001."

¶ 17          On July 9, 2021, plaintiffs moved to compel Boeing to produce documents requested a year earlier. Plaintiffs claimed that Boeing had responded with objections and responses, but no documents. On July 16, 2021, Boeing moved to extend the case management schedule. On July 21, 2021, the trial court entered a case management order with a contemplated trial readiness date of December 14, 2022, or four months after the last contemplated trial ready date. On September 22, 2021, the trial court entered an agreed order denying plaintiffs' motion to compel without prejudice.

¶ 18          After almost a year of briefing, including multiple motions to supplement with additional authority and replies to those motions, the trial court issued a written order on April 7, 2022, which denied Boeing's *forum non conveniens* motion "for the reasons stated on the

record of April 5, 2022." At the hearing, Boeing did *not* argue that its corporate headquarters had moved from Chicago; but rather that the location of a corporate headquarters was not a significant factor. Boeing argued, among other things, that "the discovery that [has] already been conducted in the case can travel with the case" if transferred. Boeing noted that, in another contaminated cabin air case against Boeing pending in Illinois circuit court, "a significant portion of the testimony will be presented through video testimony because the witnesses aren't here." Boeing argued that there was no connection between this litigation and the State of Illinois, in that there were no documents, witnesses or relevant events that occurred here.

¶ 19          In response, plaintiffs argued:

      "Trial starts in ten days [in the other pending case] in front of Judge Senechalle. Every witness from Boeing is already done, completed their evidence depositions by video, and that's it. Those depositions of all those witnesses are going to be used in this case and every other bleed air case against Boeing by stipulation, and Boeing has said they will not produce these witnesses again in any other case. And that's by agreement."

Plaintiffs explained that "we have an agreement that everything," other than five witnesses, was to be "all done, all by video evidence depositions."

¶ 20          Plaintiffs offered to stipulate that they would not seek live testimony, other than "the five people who are going to testify who work for Boeing" and who are going to testify "in the case that's going to be pending here in ten days." Of those five people, plaintiffs argued that two of them are corporate representatives and one of those two was Boeing's expert. Of the remaining three, plaintiffs argued that they were already coming to testify in Illinois in the other case with "no complaint whatsoever." Plaintiffs noted the absence of any affidavits from

any allegedly inconvenienced witness. The trial court noted plaintiffs' offer of stipulation for the record.

¶ 21    Plaintiffs noted that the federal district court had found Boeing's motion for removal to be pure gamesmanship and that Boeing's *forum non conveniens* motion was filed a year and a half after plaintiffs' complaint. Plaintiffs argued that Boeing was in default for failing to file an answer between August 12, 2020, when the case returned to the circuit court, and November 20, 2020, when a new case management order was filed. Plaintiffs argued that, during that time, Boeing filed neither an answer nor a motion for an extension, and that Boeing never filed subsequently to vacate the default that occurred during those months, pursuant to Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011), which permits a party to file to extend time for pleading, even after the time has expired.

¶ 22    Plaintiffs argued that Boeing's corporate headquarters were in Chicago and, thus, this is "where the decisions were made whether to place a sensor, place a filter, do something to prevent these bleed air events that were well-known since the 1950's." Plaintiffs also argued that the board of directors' meetings were here.

¶ 23    In terms of a speedy resolution, plaintiffs argued that, in Cook County, the last case management order had a trial readiness date in 2022, whereas in Washington state the case would "have to get to the back of the line."

¶ 24    As for an interest in settling things locally, plaintiffs argued that this court had previously held, specifically with respect to Boeing, that Illinois residents have an interest in resolving defective products claims against defendant corporations, particularly when that corporation was headquartered here. *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 661 (2009).

¶ 25        Before Boeing responded, the trial court ruled that, to the extent that plaintiffs were arguing a technical default by Boeing, the issue was not before the trial court at that time and that the court was "not making any determination on that."

¶ 26        Boeing responded that, currently, there was no stipulation in the instant case to use the existing evidence depositions at trial and that Boeing had to fly in more than six Boeing witnesses for a trial "coming up this month" in Chicago in a similar case. Boeing noted that there was not a single witness testifying in that other case who was from Chicago.

¶ 27        Before ruling, the trial court asked if there was an agreement to use the evidence depositions, which had already been taken in other related cases, at the trial in the instant case. Plaintiffs said yes, and Boeing said no. Plaintiffs' counsel stated:

> "Judge, a bulk of these depositions were taken in the original group of cases that Boeing settled right before trial. By the agreement of the Boeing's counsel with us [(the lawyers representing the various plaintiffs)], those original depositions apply to all of the subsequent cases. So, there was probably close to 50 depositions taken originally that are substantive, that are on all the liability issues that apply to the [instant] Milton case."

¶ 28        However, Boeing argued that it had not yet consented to use the already existing evidence depositions of its employees as their trial testimony in this particular case. Boeing argued: "It's up to us, your Honor, to decide whether we want our witnesses to participate *** in person." Boeing noted that it was up to it to decide what was "more convenient" and also more effective for a jury.

¶ 29        The trial court then issued the following ruling. First, the trial court found that plaintiffs were entitled to "less deference" because they were not Illinois residents but that the burden was still on Boeing to show that the factors favored transfer. As to the first private-interest

factor, the trial court found that the testimony of Boeing's Washington employees "would likely be by way of video—video testimony" and, thus, the convenience of the parties weighed only slightly in favor of transfer. The trial court noted that, while every *forum non conveniens* case must be considered unique on its facts, "if related litigation is pending in the forum, this can make it convenient for a party to litigate another suit there."

¶ 30    As to the second factor, the trial court found that the relative ease of access to evidence was neutral in light of the ready "access to video link depositions for discovery purposes" in this particular case. As to the third and fourth factors, the court found that it "hasn't been provided a lot of information" about either unwilling witnesses or the cost of obtaining witness attendance. Thus, it found that these factors were also neutral. As to the fifth factor, which the court characterized as viewing the premises, the trial court found: "It's not likely that you're going to have a jury go visit the plane itself." Thus, this factor was neutral too.

¶ 31    The trial court turned next to the public factors, which include deciding localized controversies locally and avoiding the unfairness of imposing expenses and a burden on a county with no connection to the litigation. The court observed that "this is a products case," and that the people of Cook County certainly have a connection to, and an interest in, safe aircraft and safe air travel. Tallying up the factors, the court found only one private interest factor slightly favored dismissal and this was not enough to support dismissal on *forum non conveniens* grounds.

¶ 32    On May 9, 2022, Boeing petitioned this court for leave to appeal the trial court's denial. On the same day, May 9, the trial court entered an agreed case management order with a trial ready date of June 30, 2023. On June 16, 2022, the appellate court granted Boeing's petition for leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff.

Oct. 1, 2020) (authorizing permissive interlocutory appeals from denials of *forum non conveniens* motions). This appeal followed.

¶ 33                                    ANALYSIS

¶ 34         With a *forum non conveniens* motion, the issue for an appellate court is not what we would have done in the first instance—that is irrelevant. *Vivas*, 392 Ill. App. 3d at 657. The sole issue for us is whether the trial court abused its discretion in its ruling. See *Langenhorst*, 219 Ill. 2d at 441-42. An abuse of discretion occurs when no reasonable person could take the view that the trial court took, and we cannot find that here. *Langenhorst*, 219 Ill. 2d at 442.

¶ 35         As we explain in more detail below, in a case where the product that allegedly caused the injury is regularly utilized in Cook County, where plaintiffs chose this forum, where defendant as movant has the burden of proof and has not submitted any affidavits from witnesses averring that they would be unwilling to travel here or that testimony here would be difficult for them, where a large percentage of the contemplated witnesses are defendant's present or retired employees, where computers and the Internet make the distribution of documents easy anywhere, where we cannot find that the trial court abused its discretion in finding a high likelihood in this particular case that most of the witnesses would testify by way of video, where both parties are represented by law firms in Chicago; where defendant's headquarters was here until defendant chose to relocate it in the midst of litigation, where defendant appeared to have no difficulties vigorously litigating this case for a year and in Cook County prior to filing its motion, and where the case would take a lot longer to resolve if the parties had to start all over in a different forum, we cannot find that the trial court abused its discretion in denying Boeing's *forum non conveniens* motion.

¶ 36                               I. Standard of Review

¶ 37     "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst*, 219 Ill. 2d at 441 (citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310). "*Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums," such as in the case at bar. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009).

¶ 38     The discretion afforded a trial court in ruling on a *forum non conveniens* motion is "considerable." *Langenhorst*, 219 Ill. 2d at 441. As a result, "[w]e will reverse the circuit court's decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy*, 207 Ill. 2d at 177); *Glass*, 393 Ill. App. 3d at 832.

¶ 39     "The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would." *Vivas*, 392 Ill. App. 3d at 657; see also *Hefner v. Owens-Corning Fiberglas Corp.*, 276 Ill. App. 3d 1099, 1103 (1995) ("the question on review is not whether the appellate court agrees with the circuit court's denial of a *forum non conveniens* motion, but whether the circuit court 'acted arbitrarily, without employing conscientious judgment *** [and] exceeded the bounds of reason' " (quoting *Mowen v. Illinois Valley Supply Co.*, 257 Ill. App. 3d 712, 714

(1994))). In addition, "we may affirm a trial court's *forum non conveniens* order on any basis found in the record." *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 40.

¶ 40    When reviewing the trial court's decision, we must also keep in mind that the burden is always on the movant to show that the relevant factors strongly favor a transfer. *Koss Corp. v. Sachdeva*, 2012 IL App (1st) 120379, ¶ 106 (the burden is on the movant to show a transfer is strongly favored); *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 275 (2011) (the burden is on the movant to show a transfer is strongly favored); *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 833 (2006) ("[t]he burden is on a defendant to show that the relevant factors strongly favor the defendant's choice of forum").

¶ 41                    II. Plaintiffs' Choice of Forum

¶ 42    "Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum." *Vivas*, 392 Ill. App. 3d at 657 (citing *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference before weighing the relevant factors)).

¶ 43    It is " 'assumed on a *forum non conveniens* motion that the plaintiff's chosen forum is a proper venue for the action.' " *Lagenhorst*, 219 Ill. 2d at 448 (quoting *Dawdy*, 207 Ill. 2d at 182). "Plaintiff's choice of forum is entitled to substantial deference." *Lagenhorst*, 219 Ill. 2d at 448; *First American Bank v. Guerine*, 198 Ill. 2d 511, 521 (2002) ("the battle over forum begins with the plaintiff's choice already in the lead"). However, when neither the plaintiffs' residence nor the site of the injury is located in the chosen forum, the plaintiffs' choice is "entitled to *somewhat* less deference." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 517. While " 'the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides ***

14

nonetheless the deference to be accorded is only *less*, as opposed to *none*.' " (Emphases in original and internal quotation marks omitted.) *Langenhorst*, 219 Ill. 2d at 448 (quoting *Guerine*, 198 Ill. 2d at 518). Thus, the trial court did not abuse its discretion in finding that plaintiffs' choice of Cook County was entitled to deference, although less deference than if they lived or were present here.

¶ 44                                    III. Private Interest Factors

¶ 45        When a court considers a *forum non conveniens* motion, the Illinois Supreme Court found that it must consider both "the private and public interest factors." *Langenhorst*, 219 Ill. 2d at 443; *Dawdy*, 207 Ill. 2d at 172-73; see also *Vivas*, 392 Ill. App. 3d at 658. "[N]o single factor is controlling." *Erwin*, 408 Ill. App. 3d at 274 (citing *Langenhorst*, 219 Ill. 2d at 443).

¶ 46        First, we consider the private interest factors, which are " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 47                                    A. Convenience to the Parties

¶ 48        The trial court did not abuse its discretion by finding that the convenience to the parties weighed "slightly" in favor of dismissal."[4]

¶ 49        With respect to this factor, "the defendant must show that the plaintiff's chosen forum is inconvenient to the *defendant*." (Emphasis added.) *Langenhorst*, 219 Ill. 2d at 450; *Vivas*, 392 Ill. App. 3d at 658. In other words, "one party cannot argue the other party's convenience."

---

[4]The trial court found, "as to the convenience of the parties factor, that favors Boeing ever so slightly."

*Ruch*, 2015 IL App (1st) 142972, ¶ 51; *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 27.

¶ 50    In the case at bar, Boeing's *forum non conveniens* motion is based largely on facts that Boeing has known since the complaint was filed—namely, the residence of plaintiffs and the location of its own witness-employees. However, instead of filing a *forum non conveniens* motion, Boeing filed a motion to consolidate discovery with another Illinois case. After successfully obtaining discovery consolidation in state court, Boeing then tried to remove the case to an Illinois federal court. Boeing did not argue to the federal court that litigation in Illinois was inconvenient. Instead, Boeing filed a substantive motion, arguing for dismissal of certain counts. The federal court labeled Boeing's maneuvers as mere "gamesmanship," held that its removal attempt was untimely, and found that its substantive motion "should be heard in the Circuit Court of Cook County."

¶ 51    We are in accord with our colleagues on the federal bench and find that Boeing cannot be heard to protest regarding the alleged inconvenience of an Illinois forum for itself and its employee-witnesses when it has chosen to litigate here, in this very same case, for years prior.

¶ 52    However, even if we were to disregard the gamesmanship factor entirely, we would still have to find that the trial court did not abuse its discretion by finding that the convenience of the parties "weighed only slightly in favor of transfer." The trial court found that the likelihood was high in this particular case that the testimony of Boeing's Washington employees would be by way of video testimony. Although Boeing argued that it had not yet consented to use the already existing evidence depositions of its employees as their trial testimony in this particular case, Boeing observed: "It's up to us, your Honor, to decide whether we want our witnesses to participate *** in person." Boeing noted that it was up to it to decide

what was "more convenient" for it and also more effective for a jury. As Boeing itself noted, its convenience was in its own hands. As a result, we cannot find that the trial court abused its discretion in finding that the convenience of the parties only slightly favored transfer.

¶ 53                      B. Ease of Access to Evidence

¶ 54        The next factor is the relative ease of access to sources of testimonial, documentary, and real evidence. *Langenhorst*, 219 Ill. 2d at 443 (citing *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 55        First, we consider the testimonial evidence. On the one hand, plaintiffs have not identified a single witness who lives in Illinois. On the other hand, Boeing has the burden of proof, and they have not submitted the affidavit of a single witness who says that testifying in Chicago would be difficult. Boeing did not even provide an affidavit from one of its own employees, to whom it presumably has ready access. Michael Sinnet is a good example of the witness issues in this case. During the hearing before the trial court, Boeing identified Michael Sinnett, its vice president of product development, as the person who had "the final say" on "budgetary decisions concerning technological development projects concerning air quality, including converters and sensors," and Boeing argued that he was in the State of Washington. In response, plaintiffs noted that Sinnett was still employed with Boeing and was "voluntarily coming in as a corporate rep and an expert" in another cabin air contamination case being tried in Chicago. Boeing did not dispute that assertion when given the opportunity at the hearing to reply specifically to it. In addition, as we noted above, the trial court found the likelihood high in this particular case that a number of witnesses' testimony would be by video. For all these reasons, we cannot find that the trial court abused its discretion in finding that Boeing had failed to carry its burden to show that the ease of testimonial evidence favored transfer.

17

¶ 56    Next we consider documentary evidence. The trial court found, in general, that modern technology has rendered access to proof a less significant factor. In fact, this court has previously found that "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent." *Vivas*, 392 Ill. App. 3d at 659; see also *Erwin*, 408 Ill. App. 3d at 281 ("it has become well recognized by our courts that given our current state of technology *** documentary evidence can be copied and transported easily and inexpensively"); *Woodward*, 368 Ill. App. 3d at 834 ("the location of documents is not significant because documents can be transported with ease and at little expense"); *Glass*, 393 Ill. App. 3d at 836-37 ("there should be little difficulty encountered in securing documentary evidence, given that current technology allows documents to be copied and transported easily and inexpensively"); *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890 (2008) ("the location of documentary evidence has become less significant because today's technology allows documents to be copied and transported easily and inexpensively"). Boeing argued to the trial court that "the discovery that [has] already been conducted in the case can travel with the case" if transferred to the state of Washington. The same is true in reverse.

¶ 57    Thus, we cannot find that the trial court abused its discretion in finding that the relative ease of access to proof did not favor transfer.

¶ 58                          C. Practical Problems

¶ 59    The last private interest factor is a consideration of " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443

(quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 60    The trial court found that this factor, often "characterized as viewing the premises," did not apply here because "this doesn't involve premises." In addition, the court found "[i]t's not likely that you're going to have a jury go visit the plane itself." Thus, the court found that any "viewing" factor was "neutral."

¶ 61    While little weight should be accorded to the location of attorneys on a *forum non conveniens* motion, "a court may still consider it in the *forum non conveniens* analysis." *Vivas*, 392 Ill. App. 3d at 660; see also *Dawdy*, 207 Ill. 2d at 179 ("a court may consider this factor"); *Erwin*, 408 Ill. App. 3d at 281 (this court "note[d]" that both plaintiff and defendant's counsel "maintain offices in Cook County"); *Woodward*, 368 Ill. App. 3d at 835 ("We also note that the defendants' counsel of record have offices in Illinois. Although not a significant factor, we may consider it in our analysis."). While the trial court found this factor "neutral," we observe that both parties are represented by Chicago firms.

¶ 62    To the extent that travel is required, we note that Chicago has "two major airports," located in the middle of the country, with numerous direct flights per day to most places in the United States. *Malloy v. DuPage Gynecology, S.C.*, 2021 IL App (1st) 192102, ¶ 66 (although "not a significant factor," the appellate court noted the presence of Cook County's two major airports when evaluating the "practical problems" factor).

¶ 63    In sum, we cannot find that the trial court abused its discretion in finding that the consideration of the practical problems was a "neutral" factor.

¶ 64                                IV. Public Interest Factors

¶ 65    When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 170 (2005); *Dawdy*, 207 Ill. 2d at 173; see also *Vivas*, 392 Ill. App. 3d at 660.

¶ 66    First, we consider the respective forums' interests in deciding these controversies and the fairness of imposing jury duty on the forums' residents. In *Langenhorst*, our supreme court affirmed a trial court's decision not to transfer a case from St. Clair County to Clinton County, which was the scene of the railway accident at issue. *Langenhorst*, 219 Ill. 2d at 451, 454. In considering the respective forums' interest, the court observed that St. Clair County had as much interest in the controversy as Clinton County, because "this same railway line" involved in the accident "bisects all of St. Clair County." *Langenhorst*, 219 Ill. 2d at 451. In *Malloy*, 2021 IL App (1st) 192102, ¶ 70, this court found that what was true in *Langenhorst* was "equally true here, where the product at issue is regularly prescribed and distributed throughout Cook County." Similarly, what was true in *Langenhorst* and *Malloy* is equally true here, where the product at issue is utilized regularly in Cook County, at two of the major airports in the country. See *Vivas*, 392 Ill. App. 3d at 661 (this court has previously held, specifically with respect to Boeing, that Illinois residents had an interest in resolving defective products claims against defendant corporations, particularly when that corporation was headquartered here). We cannot find that the trial court abused its discretion in finding that "the people of Cook County" have an interest in the safety of "aircraft and air travel."

¶ 67      Lastly, we must consider "the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17). "[C]ourt congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly." *Guerine*, 198 Ill. 2d at 517. As the trial court found, forcing this case to start all over again in another forum after a year and a half of litigation in Illinois would only delay its resolution further.

¶ 68      For all the foregoing reasons, we cannot find that the trial court abused its discretion in finding that the public and private factors did not require dismissal. We find that the trial court properly balanced the private and public interest factors and did not abuse its discretion when it denied Boeing's motion to dismiss based on *forum non conveniens*. Other than the costs and burden of travel, Boeing did not provide evidence of inconvenience.

¶ 69                                              CONCLUSION

¶ 70      After carefully considering and weighing every factor in the *forum non conveniens* doctrine, we cannot find that the trial court abused its discretion by denying defendants' *forum non conveniens* motion. Thus, we must affirm the trial court's order and remand for further proceedings consistent with this opinion.

¶ 71      Affirmed.

¶ 72      JUSTICE TAILOR, specially concurring:

¶ 73      I concur that the circuit court did not abuse its discretion when it denied Boeing's motion to dismiss under the doctrine of *forum non conveniens.* I write separately to explain my disagreement with the majority's analysis of the convenience factor and why I would affirm nonetheless.

¶ 74    Unlike most *forum non conveniens* appeals that reach us before any witnesses have been deposed, here, because of a number of similar cases with overlapping witnesses, most, if not all, witnesses in this case have already been deposed remotely. Thus, what remains of the convenience factor relates primarily to trial. The trial court acknowledged that the overwhelming number of potential Boeing trial witnesses reside in Washington state and that neither party identified *any* Illinois-based trial witnesses. According to the record, 64 of 89 potential Boeing fact witnesses and 19 of 26 Boeing document custodian witnesses reside in Washington state. None of the remaining witnesses are from Illinois. Despite the number of potential witnesses from Washington state, the trial court found that the testimony of Boeing's witnesses at trial "would likely be by way of video," a finding to which the majority acquiesces. This finding was pure speculation and, therefore, an abuse of discretion. The record does not reflect any agreement or stipulation between the parties that Boeing's Washington-based employee witnesses would testify at trial either remotely or by way of evidence deposition. The majority observes that Boeing's convenience was "in its own hands" because it could agree with plaintiffs to present its witnesses exclusively by video. S*upra* ¶ 52. I disagree. Trial witnesses typically appear in person, and a party has the right to determine for itself how best to present its witnesses at trial. The convenience factor may not be discounted, as the majority does here, simply by virtue of the availability of remote or video trial testimony. Nor does the trial court's finding account for the plaintiffs' right to demand that Boeing's employees testify at trial in person. See Ill. S. Ct. R. 237(b) (eff. Oct. 1, 2021) (litigant retains power to demand that "an officer, director, or employee of a party" appear at trial and to specify "whether the person shall appear in person or remotely"). I also note that although a trial court has discretion to permit remote trial testimony under Illinois Supreme Court Rule 241 (eff. May 22, 2020), it

can only do so for good cause and after it considers the various factors set forth in the comment to the Rule. Here, neither party moved for the trial court to allow remote testimony under Rule 241, nor did the trial court enter any such order. Thus, there is no basis in the record to support the trial court's finding that trial testimony of Boeing's Washington-based employee witnesses "would likely be by way of video."

¶ 75    Disregarding the trial court's unfounded assumption undermines its conclusion that the convenience factor only *slightly* favors Boeing. In the absence of an order to the contrary, it is Boeing's prerogative to decide whether it will present its witnesses in person at trial or agree with the plaintiffs to present its witnesses remotely, and there is no basis to assume that all of Boeing's witnesses will testify remotely. Thus, in my view, the convenience factor does more than "slightly" favor Boeing; rather, it favors—if not strongly favors—Boeing because neither party has identified any Illinois-based trial witnesses, and the large majority of Boeing's trial witnesses are Washington-based. The plaintiffs' claim that certain financial decisions relating to its claim were made at Boeing's headquarters in Chicago is irrelevant for purposes of the convenience factor where plaintiffs have not identified any Illinois-based witnesses that it may call to testify at trial.

¶ 76    Nevertheless, I agree that the trial court did not abuse its discretion in denying Boeing's motion to dismiss. In my view, however much the convenience factor favors Boeing, Boeing's convenience is far outweighed by its inequitable conduct in this case. " '*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice.' " *Supra* ¶ 37 (quoting *Langenhorst*, 219 Ill. 2d at 441, citing *Vinson*, 144 Ill. 2d at 310). "[E]ach *forum non conveniens* case is unique and must be considered on its own facts." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 21. As

such, general equitable considerations inform our analysis. See *Wakehouse v. Goodyear Tire & Rubber Co.*, 353 Ill. App. 3d 346, 352-53 (2004) (holding that general principles of fundamental fairness and sensible and effective administration of justice embedded in the doctrine of *forum non conveniens* preclude the refiling of a case in the same state where the case was previously dismissed on *forum non conveniens* and another state was found more convenient).

¶ 77    The equitable maxim informing my view of this case is that " '[h]e who seeks equity must do equity.' " *Horney v. City of Springfield*, 12 Ill. 2d 427, 433 (1957). This equitable maxim "expresses the governing principle that every action of a court of equity *** must be in accordance with conscience and good faith." *Id.* Boeing, in my judgment, is not entitled to equitable relief of dismissal under the *forum non conveniens* doctrine because it acted inequitably in the first instance. Boeing removed this case to the United States District Court for the Northern District of Illinois based on admiralty jurisdiction and, at the same time, moved to dismiss two counts in the complaint. In granting plaintiffs' motion to remand the case to the circuit court of Cook County, the federal district judge found that Boeing's removal to federal court was "purely gamesmanship." *Milton v. The Boeing Co.*, No. 1:20-CV-3089, slip op. at 10 (N.D. Ill. Aug. 12, 2020). Under 28 U.S.C. § 1446(b)(1), a defendant has 30 days from the time of service to remove a case, and Boeing removed this case four months after it was served. In the interim, Boeing filed its appearance in the circuit court of Cook County, moved to extend its time to answer, and entered an agreed order to consolidate this case with another similar case pending against it the circuit court of Cook County for discovery purposes as an aid to convenience. When the plaintiffs here challenged Boeing's removal of this case to federal court, Boeing, relying on *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir.

2013), argued that the 30-day clock did not accrue until its "receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." The federal district court determined that Boeing's removal was untimely because the 30-day period to remove accrued at the time of service where the possibility of admiralty jurisdiction appeared on the face of the complaint. She found implausible Boeing's explanation that it could not have known if admiralty jurisdiction was available because it did not know the precise location of the transatlantic flight at the time of the incident that gave rise to the plaintiffs' claims here. Moreover, she found that Boeing's conduct "[was] too far removed from *** fundamental fairness to be tenable" where it filed an appearance in the circuit court of Cook County, consolidated this case with another, and filed an extension to answer before removing this case four months later. *Milton*, slip op. at 9.

¶ 78        With that background, I return to the equitable maxim, "he who seeks equity must do equity." After remand, Boeing moved the circuit court to exercise its equitable power to dismiss this case based on the doctrine of *forum non conveniens*. Yet, as the federal district court's judgment makes abundantly clear, Boeing did not do equity when it removed this case to federal court. Rather, Boeing engaged in "gamesmanship" and conduct that was "too far removed from *** fundamental fairness to be tenable" where the complaint "on its face provided sufficient notice since it clearly pertained to a transatlantic flight" (*id.* at 7, 9-10), and Boeing filed an appearance, sought an extension of time to answer, and agreed to consolidate this case with another for discovery purposes as an aid to convenience (*id.* at 9). Moreover, as the majority notes, after Boeing removed this case to the federal district court in Chicago, it did not move to transfer venue to a federal district court in Washington state. I find it incongruous for Boeing to claim inconvenience when it is before a state court sitting in Cook

25

County but not when it is before a federal district court sitting a mere four city blocks from the state court. This, to me, exposes Boeing's convenience argument for the pretext that it is. *Cf. Wagner v. Eagle Food Centers, Inc.*, 398 Ill. App. 3d 354, 360, 364 (2010) (evidence of forum shopping informs *forum non conveniens* analysis). In my view, the trial court did not abuse its discretion in denying Boeing's motion to dismiss because, in seeking equity from the circuit court, Boeing did not do equity when it forced the plaintiffs to litigate a removal to federal court grounded in gamesmanship. Under these circumstances, the plaintiffs should not now be compelled to litigate their claim against Boeing in a third forum in an endless war of attrition.

*Milton v. Boeing Co.*, 2023 IL App (1st) 220647

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-L-1093; the Hon. Daniel A. Trevino, Judge, presiding. |
| **Attorneys for Appellant:** | Dan K. Webb, Linda T. Coberly, and Joseph L. Motto, of Winston & Strawn LLP, and Kathleen A. Stetsko, of Perkins Coie LLP, both of Chicago, and Todd W. Rosencrans (*pro hac vice*) and Christopher Ledford (*pro hac vice*), of Perkins Coie LLP, of Seattle, Washington, for appellant. |
| **Attorneys for Appellee:** | Joseph A. Power, Jr., and Kathryn L. Conway, of Power Rogers, LLP, of Chicago, and Zoe Littlepage, Rainey Booth, and T. Matthew Leckman, of Littlepage Booth Leckman, of Houston, Texas, for appellees. |